Michael Wayne EVANS, Appellant,

v.

The STATE of Texas, Appellee.

No. 68914.

Court of Criminal Appeals of Texas,
En Banc.

May 25, 1983.

Rehearing Denied Sept. 21, 1983.

E. Brice Cunningham and Walter L. Irvin, Dallas, for appellant.

Henry Wade, Dist. Atty., R.K. Weaver, Kevin Byrne, Stewart C. Robinson, Jr. and John W. Booth, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for capital murder. Punishment is death, the jury having returned affirmative answers to the questions submitted under Art. 37.-071, V.A.C.C.P.

In his first two grounds of error appellant contends it was error to admit his oral confession and keys found as a result of the confession. He argues these two grounds together, raising four contentions. Three of his arguments are based on Article 38.22, V.A.C.C.P., regarding statutory requirements for the admission of confessions. Two of those contentions are based on provisions of Art. 38.22 that were not in force at the time of the confession and therefore do not apply. See Acts 1977, 65th Leg., ch. 348, sec. 3, effective Aug. 29, 1977. No trial objection was made on the third contention now raised under Art. 38.22, so nothing is presented for review. In his remaining argument under these grounds of error he asserts the officer to whom appellant gave the oral statement was not aware of the fact that appellant had previously been given *Miranda* warnings by two other officers. The record contradicts appellant's assertion of fact. No error is presented. Also, see *Moon v. State,* Tex.Cr.App., 607 S.W.2d 569, 572, and *Maloy v. State,* Tex.Cr.App., 582 S.W.2d 125, 129. The first two grounds of error are without merit.

The next five grounds of error are argued together by appellant and concern the composition of the grand jury and grand jury commissioners. In *Castaneda v. Partida,* 430 U.S. 482, 97 S.Ct. 1272, 51 L.Ed.2d 498 (1977), the Supreme Court wrote:

"... in order to show that an equal protection violation has occurred in the context of grand jury selection, the defendant must show that the procedure employed resulted in substantial underrepresentation of his race or of the identifiable group to which he belongs."

To show underrepresentation it is essential that the record demonstrate the composition of the county. See *Espinoza v. State,* Tex.Cr.App., 604 S.W.2d 908. Here no evidence on that point was presented. The grounds of error are without merit. Furthermore, in his argument under this ground of error appellant asserts none of the members of the grand jury that indicted him were of his race, but the record reflects that two of the twelve grand jurors were.

Appellant argues grounds of error eight through fifteen together. These grounds all concern exclusion of evidence of prior convictions of the witness Earl Stanley Smith. Appellant and Smith together committed the double murder-robbery that resulted in this prosecution. Smith was called as a witness by the defense. On appeal appellant argues that the State cross-examined the witness on matters foreign to the direct examination, and this authorized him to impeach Smith by showing his prior convictions. He relies on Article 38.28, V.A.C.C.P., which provides:

"A party may, when testimony of his own witness is injurious to his cause, attack the testimony in any other manner except by offering evidence of the witness' bad character."

In his argument appellant overlooks the restriction on impeachment under this article that prohibits showing bad character. Proof of prior convictions is a form of impeachment by showing bad character. See Ray, Law of Evidence, sections 644 et seq, especially section 648. This argument by appellant is without merit.

He also contends proof of Smith's prior convictions should have been admitted

at the punishment stage as a mitigating circumstance under Art. 37.071, V.A.C.C.P. We do not see how the conviction and punishment of a *co-defendant* could mitigate *appellant's* culpability in the crime. Each defendant should be judged by his *own* conduct and participation and by his *own* circumstances. If evidence of a co-defendant's convictions and punishment were admissible, why not the convictions in all other capital murders and the punishment in those cases? We do not believe this is what the right to present mitigating circumstances to the jury was meant to include. The law contemplates evidence personal to the accused, not comparisons with the convictions and punishments of other defendants. Appellant does not contend he was precluded from showing the roles of Smith and himself in the criminal act. Grounds of error eight through fifteen are overruled.

■ The next two grounds of error complain of exclusion of evidence of appellant's conviction and life sentence for another murder. He again argues the evidence was admissible under Art. 37.071, supra, and quotes from the opinions in *Jurek v. State,* Tex.Cr.App., 522 S.W.2d 934, and *Jurek v. Texas,* 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929, to the effect that the jury can consider the range and severity of prior criminal conduct of the accused and should have all relevant information before it. The fact of conviction and the decision of another jury of the punishment appropriate for a different murder are not evidence of appellant's conduct. If the conviction and punishment had occurred prior to the instant offense, they would be relevant to show a lack of rehabilitation, but that is not the situation here. Although appellant makes the assertion that this evidence "was relevant on all 3 [punishment stage] issues," he gives no reasons to illustrate this bare conclusion. We perceive no relevance under the facts of this case and overrule the grounds of error.

■ In his eighteenth ground of error appellant challenges the sufficiency of the evidence to prove the identity of the deceased as the person alleged in the indictment. The following circumstances are sufficient to prove that fact: (1) the deceased, a woman, was last seen alive with a friend; a woman's body was found with the body of a man positively identified as the body of that friend; (2) clothing on the body was identified by members of the deceased's family as the clothing worn by her on the day of the murder; (3) appellant was seen driving the deceased's car between the time of the murder and his arrest, and he admitted taking the car from the person he killed; (4) appellant possessed a watch that appeared to be the same as the one worn by the deceased, he admitted taking it from a person he murdered, and the body when found did not have a watch. The ground of error is overruled.

■ The next three grounds of error assert certain prospective jurors were improperly excluded in violation of the Witherspoon[1] doctrine. Although the record reveals the trial court committed no error in this regard, we decline to give a detailed report on our examination of the record because no trial objections were made, so nothing is presented for review. *Bass v. State,* Tex.Cr.App., 622 S.W.2d 101, 109.

■ The last two grounds of error complain of the failure to administer an oath to each individual juror as accepted and of the failure to sequester the individual jurors after each was selected. The trial court did not err, but to the contrary acted in compliance with the procedures provided in Arts. 35.22 and 35.23, V.A.C.C.P. See commentary to Art. 35.22, V.A.C.C.P., by Hon. John F. Onion, Jr. The grounds of error are without merit.

The judgment is affirmed.

TEAGUE and MILLER, JJ., concur in result.

ONION, P.J., and CLINTON, J., dissent.

1. *Witherspoon v. Illinois,* 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776.