Byron Keith PHILLIPS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–82–00751–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 13, 1983.

Discretionary Review Refused
March 21, 1984.

Rudolph E. Gaulke, Houston, for appellant.

Timothy G. Taft, Houston, for appellee.

Before EVANS, C.J., and BULLOCK and LEVY, JJ.

## OPINION

EVANS, Chief Justice.

After a jury trial, the appellant was convicted of burglary of a habitation. His punishment, enhanced by a prior felony theft conviction, was assessed by the court at fifteen years.

The appellant does not challenge the sufficiency of the evidence, and we deem it unnecessary to set forth the facts regarding the burglary.

■ In his first ground of error the appellant contends that the trial court erred in overruling his motion to quash the indictment. In pertinent part, the indictment alleges that

BYRON KEITH PHILLIPS, hereinafter styled the Defendant, heretofore on or about April 21, 1982, did then and there unlawfully, with intent to commit theft, enter a habitation owned by EMIL DOUGLAS, a person having a greater right to possession of the habitation than the Defendant and hereafter styled the Complainant, without the effective consent of the Complainant, namely, without any consent of any kind.

The appellant contends that the indictment does not with sufficient clarity show whether Byron Keith Phillips, after being designated the defendant, is the complainant or the defendant, and that it also fails to allege that "no one gave the defendant effective consent 'to enter the alleged habitation.'"

We discern no such ambiguity in the language of the indictment, and conclude that it does, with sufficient clarity, name the defendant Bryon Keith Phillips as the person charged with the offense and that it specifically alleges that the entry was without the effective consent of the complainant.

The first ground of error is overruled.

In his second ground of error the appellant contends that the trial court erred in excusing a venireperson, Joyce Rector, for cause, which allegedly forced him to accept unwanted jurors.

The testimony relative to this venireperson's jury service is as follows:

MR. PECHACEK [Prosecutor]: Now, is there anyone here that feels they don't want to have that duty; they don't want to do it? They refuse to? Okay. Is there anyone who has any religious feelings that feels they are not to judge another person? Anyone have any—

MS. RECTOR: Ms. Rector.

MR. PECHACEK: Ms. Rector again. All right, ma'am. Is it your religious belief that you are not to judge another person; would that be correct?

MS. RECTOR: The Bible said you're not, and I don't think as far as I am concerned, I wouldn't want to do it. I would not want to do it.

MR. PECHACEK: Well, could you do it? Would you do it?

MS. RECTOR: If I didn't have to I wouldn't.

MR. PECHACEK: May we approach the Bench, Your Honor?

(Whereupon, the following discussion was held at the Bench outside the hearing of the jury penal.)

MR. PECHACEK: This is No. 25, Ms. Joyce Rector. She's saying that she reads the Bible and the Bible says something about not judging another man; is that right?

MS. RECTOR: That's right.

MR. PECHACEK: And you feel that—

MS. RECTOR: I shouldn't.

THE COURT: Feel what?

MS. RECTOR: I feel that I shouldn't be the judge of—what?

MR. PECHACEK: As to the facts of this case.

MS. RECTOR: Right. I don't feel like—

THE COURT: Who do you think should do it?

MS. RECTOR: What?

THE COURT: Who do you think should do it?

MS. RECTOR: I think somebody would.

THE COURT: But who?

MS. RECTOR: Perhaps—but I feel like, I feel like relieve the burden of me being judge, the punishment he should or shouldn't get.

THE COURT: You think these people ought to do it but you shouldn't?

MS. RECTOR: I am not saying that. It's up to them whether they would or wouldn't. They have a right to say. It's like I have a right to say the way I feel.

THE COURT: If everybody felt like you everybody would go free.

MS. RECTOR: It seems that I am the only one that feels like that.

THE COURT: In other words, you wouldn't have any trouble—you wouldn't want anybody sitting in judgment of him? If you had somebody in your family that had some kind of problem you feel that person ought to go free because you couldn't sit in judgment?

MS. RECTOR: I have had problems where they had to go through court and someone had to judge them, but I didn't have any say-so about it one way or another.

THE COURT: You want somebody else to do it for you. What church do you go to?

MS. RECTOR: I go to the Hope Wheel Baptist Church.

THE COURT: Baptist Church doesn't believe that.

MS. RECTOR: Well, I believe what the Bible says.

THE COURT: Well, you read the Bible any way you want but I mean your religion doesn't teach you that.

MS. RECTOR: Well, the Bible does. Well, the Bible does.

THE COURT: You just don't want to serve on the jury.

MS. RECTOR: I don't mind. I am here because I was called, but I—

THE COURT: You'd rather not serve.

MS. RECTOR: I also have the privilege to say what I believe or not.

THE COURT: I am not denying that. I am just disagreeing with your theory. I don't deny you have the right, but I disagree with your theory. I don't think it's right to say you can't listen to this case, but want other people to do it, but not you.

All right. What are you going to do?

MR. PECHACEK: Challenge for cause.

MR. GAULKE: Can I ask her one question? Ms. Rector, if the Judge does not release you would you follow the instructions of the Judge?

MS. RECTOR: Uh-huh.

MR. GAULKE: You can do that?

MS. RECTOR: Sure, I can follow it.

THE COURT: What do you mean you could try?

MR. GAULKE: She said she would follow the instructions.

THE COURT: You would listen to me and sit there and make a decision? You telling me that after what you just told me—

MS. RECTOR: *I would say, I wouldn't say I found him guilty.* (Emphasis added).

THE COURT: You would say you would find him guilty?

I grant the motion. Take your seat out there.

 The trial court could properly have decided from the venireperson's entire testimony that her final word on the matter was that she would not be able to enter a finding of guilt. When a juror expresses an inability to be fair and impartial to the State, as by expressing a bias for the defendant, that juror may properly be excused for cause. TEX.CRIM.PROC.CODE ANN. art. 35.16(a)(8) (Vernon 1981); *Ransom v. State,* 630 S.W.2d 904 (Tex.App.— Amarillo 1982, no pet.).

We overrule the appellant's second ground of error.

 In his third ground of error, the appellant contends that the trial court erred in overruling his objection to the State's re-direct examination of a Houston police officer.

On the State's re-direct examination of the officer, the question was asked:

Q. (By prosecutor) Now, Officer Cochran, is it, you did not go into the apartment there where Mr. Amile Douglas (complainant) lived at?

The appellant objected to the State's "questioning the witness on any issue that was not raised (by the State) on direct examination or raised by the defense on cross-examination." The trial court overruled that objection.

The record shows that much of the appellant's cross-examination of the witness concerned the officer's inability to indicate on a blackboard sketch the exact location of the burglarized apartment. The record shows, in fact, that upon cross-examination, the appellant had broached this very same subject:

Q. (By defense) Fine. Officer, did you go into Mr. Amile Douglas' apartment that date?

A. Go inside? No, sir.

We find no basis for the appellant's claim of error, and his third ground of error is overruled.

In his fourth and fifth grounds of error the appellant contends that it was error for the court to grant the State's motion in limine and to refuse to permit him to testify or offer evidence in regard to his prior convictions during the guilt/innocence stage of trial.

The record reflects that before appellant presented his defense, the State filed, and the court granted, a motion in limine prohibiting the appellant from mentioning, alluding or referring to his own prior criminal record. The State's argument was that prior convictions are admissible only to impeach a witness, and it was impermissible for counsel for appellant to impeach his own witness.

 Motions in limine are a tool for preventing certain evidence from reaching the jury. Here the State had no objection to the evidence limited by its motion, and indeed introduced appellant's criminal record itself on cross-examination over appellant's objection. The State therefore made an inappropriate use of the motion in limine. Additionally, the court erred in ruling that appellant's prior record could be introduced only to impeach appellant. It is well-established that facts which might im-

pact on a witness's credibility, such as a criminal record or prior inconsistent statements, may be brought out on direct examination when the witness's testimony is being relied upon, not impeached. *Jackson v. State,* 516 S.W.2d 167 (Tex.Cr.App.1974).

While there is no appeal solely from an incorrect ruling on a motion in limine, *Norman v. State,* 523 S.W.2d 669 (Tex.Cr. App.1975), appellant here properly preserved the error by making an offer of the excluded evidence and preserving it for the record in a bill of exceptions.

The appellant contends that he was prejudiced by the court's error because it interfered with the fair trial guaranteed to him by the due process clause of the 14th Amendment. We agree. Appellant's only defense was his own testimony, so his credibility was a key issue at trial. The court's erroneous ruling that appellant could not disclose his prior criminal record very likely affected his credibility to the jury, interfered with his right to present a defense, and gave the State an unfair advantage, all in derogation of appellant's constitutional right to a fair trial. *Webb v. Texas,* 409 U.S. 95, 93 S.Ct. 351, 34 L.Ed.2d 330 (1972); *Washington v. Texas,* 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967).

The appellant's fourth and fifth grounds of error are sustained.

Our disposition of the above-mentioned grounds of error renders it unnecessary to discuss fully appellant's sixth ground of error, in which he contends that the trial court erred in refusing to require the State to present a "full" opening argument so that he would have an opportunity to rebut fully the State's contentions during his argument. The appellant cites no authority for this contention, and we overrule his ground of error.

We also overrule appellant's seventh ground of error, wherein he contends that the trial court erred in refusing to grant his motion for a mistrial in which he alleged prosecutorial misconduct by the concealment of a police report which the State had failed to tender pursuant to a pretrial order for discovery. On the appellant's motion, the trial court instructed the State not to refer to the report in front of the jury and to instruct its witnesses not to mention the report in their testimony. The record does not reflect that the appellant suffered any prejudice as a result of this report, and we conclude that the trial court did not err in overruling the appellant's motion for a mistrial.

For the reasons stated, we reverse the trial court's judgment and order the cause remanded for a new trial.