**Verne Haywood McKINNEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–85–800–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 11, 1986.

Randy Schaffer, Houston, for appellant.

John B. Holmes, Jr., J. Harvey Hudson, David L. Singer, Houston, for appellee.

Before SEARS, CANNON and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a conviction for the offense of robbery. Appellant was

found guilty by a jury and his punishment, enhanced by two prior felony convictions, was assessed at sixty years confinement in the Texas Department of Corrections.

Appellant asserts three points of error. In his first point of error, he contends that the trial court committed reversible error by refusing to allow Appellant to testify on direct examination about his prior felony convictions. We agree with Appellant's contention and reverse the judgment of the trial court.

When counsel for Appellant began to question him on direct examination about his prior criminal history, the prosecutor objected on the grounds that counsel was impeaching his own witness in violation of article 38.28 of the Texas Code of Criminal Procedure. The trial court sustained the State's objection. Thereafter, on cross-examination, the prosecutor established that Appellant had been previously convicted of forgery, auto theft, and *aggravated perjury*.

Appellant argues that the defense counsel was attempting to "take the sting out" of the cross-examination rather than impeach his own witness. He argues that his credibility before the jury was of paramount importance to his defense that the crime he committed was theft rather than robbery. Appellant did not deny the theft, but he testified that there were no threats made to the complainant and that complainant was not harmed. Further, no weapon was used or displayed.

■■■ There is no good reason to deny a defendant the right to testify on direct examination about his prior offenses. The State's objection was not a valid one and it should have been overruled. Failure of the court to do so denied Appellant a fair trial.

Article 38.28 provides that:

A party may, when testimony of his own witness is injurious to his cause, attack the testimony in any other manner except by offering evidence of the witness' bad character.

Tex.Code Crim.Proc.Ann. art. 38.28 (Vernon 1979).

Generally, proof of prior convictions by the party calling the witness is a form of impeachment by showing bad character. *Evans v. State*, 656 S.W.2d 65, 66 (Tex.Crim. App.1983), *cert. denied*, 465 U.S. 1109, 104 S.Ct. 1616, 80 L.Ed.2d 145 (1984); *Rojo v. State*, 629 S.W.2d 88, 90 (Tex.App.—Dallas 1981, no pet.). However, when that witness is the defendant, the intent is not to discredit the defendant's testimony, but to make an anticipatory disclosure of the prior convictions in order to reduce the prejudicial effect of such evidence on his credibility. *Feist v. State*, 631 S.W.2d 769 (Tex. App.—Beaumont 1982, no pet.). Facts which might affect a witness' credibility, such as a prior criminal record, may be elicited during direct examination when that witness' testimony is being relied upon rather than impeached. *Jackson v. State*, 516 S.W.2d 167, 175–176 (Tex.Crim.App. 1974); *Phillips v. State*, 661 S.W.2d 226, 229–230 (Tex.App.—Houston [1st Dist.] 1983, pet. ref'd). Here, as in *Phillips*, defendant's testimony constituted his only defense. Therefore, his credibility was crucial. In this respect we find this case distinguishable from *Feist v. State* where the error was found to be harmless.

■■■ The test for determining whether the error is harmless is whether there is a reasonable possibility that the incident complained of might have contributed to the conviction or the punishment assessed by the jury. *Feist v. State*, 631 S.W.2d at 772. The trial court's refusal to allow Appellant to testify on direct examination regarding his prior criminal record adversely affected his credibility with the jury. Further, the State emphasized the prior conviction for aggravated perjury in its final argument and urged the jury not to believe anything Appellant said. We believe that the error of the trial court deprived Appellant of a fair trial. Therefore, we sustain Appellant's first point of error.

Because we find that reversal is required, we do not reach points of error two and three. For the reasons stated, we reverse the trial court's judgment and order the cause remanded for a new trial.