In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00150-CR


______________________________




AUBREY TARLTON TURK, II, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 115th Judicial District Court


Marion County, Texas


Trial Court No. F12719




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 Aubrey Tarlton Turk, II appeals his conviction by a jury for the offense of burglary
of a habitation. Punishment was assessed at seven years' imprisonment. Turk contends
the trial court erred in admitting evidence for impeachment purposes of a 1982 burglary
conviction.

 The evidence shows that Turk's father died after a long illness and that there was
conflict between Turk and his stepmother. Before his father died, the stepmother had told
Turk that, upon his father's death, she never wanted to see him or his sister again. She
further informed Turk that at that time he would be required to move out of a mobile home
where he had been living on the family property and that he would have to move within
twenty-four hours of his father's death. When his father died, instead of attending the
funeral, Turk burglarized his stepmother's home, taking mainly carpentry tools and
gardening tools and equipment. Turk admits taking the items, but claims that his father
gave them to him, or that they were items belonging to his grandfather and his father had
told him they were to be his. There is also some evidence suggesting Turk was involved
in the theft and use of a credit card belonging to the stepmother. 

 Counsel contends the trial court erred by determining that testimony about his
nineteen-year-old conviction for burglary could be admitted against him for impeachment
purposes. 

 The sequence of events at trial shows Turk was aware that, if he decided to testify,
the State might attempt to impeach him with the nineteen-year-old conviction. At the end
of the State's evidence, and before Turk testified, the court conducted a hearing outside
the presence of the jury. The court ruled that evidence of the prior conviction was
admissible for impeachment and granted a running objection to Turk's counsel on that
topic.

 The State, however, did not introduce the evidence. When Turk took the stand on
his own behalf, the second question asked by his own counsel involved the prior
conviction. Turk briefly explained the conviction and its age, and counsel then moved on
to other matters. The State did not refer to the conviction in its cross-examination of Turk
and did not mention it in its closing argument. 

 Counsel argues that the trial court's incorrect ruling left defense counsel with no
choice but to attempt to preempt the State's attack by bringing up the matter first and that
he should not therefore be held to have waived his complaint on appeal. This matter has
not been conclusively addressed in this context by a Texas court in a published opinion.

 The United States Supreme Court has held that a party who preemptively introduces
evidence of a prior conviction at trial cannot complain on appeal the evidence was
erroneously admitted, even if the trial court had previously held it would allow the state to
introduce the evidence. Ohler v. United States, 529 U.S. 753, 120 S.Ct. 1851, 146 L.Ed.2d
826 (2000).

 Counsel strives to distinguish his case from those above by phrasing his argument
as a contention that the reversible error lies in the trial court's preliminary ruling. He argues
that, because of the error, counsel chose to inoculate the jury against the State's planned
introduction of the prior offense by first bringing it up himself. See McKinney v. State, 722
S.W.2d 506, 507 (Tex. App.-Houston [14th Dist.] 1986, pet. ref'd). Turk argues that the
court's error in finding the evidence admissible caused his later decision to preempt the
State's impeachment by introducing the evidence himself. 

 That tactical decision may have some potential merit. It is generally assumed that
it is preferable for a defendant to initially admit anything that would negatively impact that
defendant's testimony, rather than allowing the state to introduce the evidence during
cross-examination. In spite of the potential merit of this argument, a majority of the
Supreme Court has found it to be without merit. The Court undertook an extensive review
of the general rule involved here: if evidence is affirmatively introduced by a party, that
party cannot complain about its introduction. The Court recognized that the parties are
required to make choices during trial and that one of these choices may be whether to
introduce evidence concerning any prior criminal record of a testifying defendant. 
Therefore, the Court concluded, "a defendant who preemptively introduces evidence of a
prior conviction on direct examination may not on appeal claim that the admission of such
evidence was error." Ohler, 529 U.S. at 760.

 We agree with the reasoning of the Court and decline the invitation to create a
tactical exception to the general rule. Accordingly, we find Turk waived any complaint he
had about the trial court's ruling when he first introduced the complained-of evidence
himself.

 We affirm the judgment.


 Donald R. Ross

 Justice


Date Submitted: May 16, 2002

Date Decided: June 5, 2002


Do Not Publish