In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00136-CR


______________________________




EDWARD LEE McDADE, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 155th Judicial District Court


Waller County, Texas


Trial Court No. 01-02-10,580




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N



 Edward Lee McDade appeals from his conviction by a jury for the offense of assault on a
public servant. The jury assessed his punishment at twenty-five years' imprisonment. This appeal
is on one of three cases that were tried together. In this case and in another companion case,
McDade was tried for assault on a public servant, and in the third case (No. 06-01-00134-CR), he
was convicted of aggravated assault. The causes have been appealed separately and have been
briefed together. 

 Since the briefs and arguments raised therein are identical in all three appeals, for the reasons
stated in McDade v. State, No. 06-01-00134-CR, we likewise resolve the issues in this appeal in
favor of the State.

 We affirm the judgment of the trial court.



 Ben Z. Grant

 Justice


Date Submitted: October 31, 2002

Date Decided: December 5, 2002


Do Not Publish



e conviction in its cross-examination of Turk
and did not mention it in its closing argument. 

 Counsel argues that the trial court's incorrect ruling left defense counsel with no
choice but to attempt to preempt the State's attack by bringing up the matter first and that
he should not therefore be held to have waived his complaint on appeal. This matter has
not been conclusively addressed in this context by a Texas court in a published opinion.

 The United States Supreme Court has held that a party who preemptively introduces
evidence of a prior conviction at trial cannot complain on appeal the evidence was
erroneously admitted, even if the trial court had previously held it would allow the state to
introduce the evidence. Ohler v. United States, 529 U.S. 753, 120 S.Ct. 1851, 146 L.Ed.2d
826 (2000).

 Counsel strives to distinguish his case from those above by phrasing his argument
as a contention that the reversible error lies in the trial court's preliminary ruling. He argues
that, because of the error, counsel chose to inoculate the jury against the State's planned
introduction of the prior offense by first bringing it up himself. See McKinney v. State, 722
S.W.2d 506, 507 (Tex. App.-Houston [14th Dist.] 1986, pet. ref'd). Turk argues that the
court's error in finding the evidence admissible caused his later decision to preempt the
State's impeachment by introducing the evidence himself. 

 That tactical decision may have some potential merit. It is generally assumed that
it is preferable for a defendant to initially admit anything that would negatively impact that
defendant's testimony, rather than allowing the state to introduce the evidence during
cross-examination. In spite of the potential merit of this argument, a majority of the
Supreme Court has found it to be without merit. The Court undertook an extensive review
of the general rule involved here: if evidence is affirmatively introduced by a party, that
party cannot complain about its introduction. The Court recognized that the parties are
required to make choices during trial and that one of these choices may be whether to
introduce evidence concerning any prior criminal record of a testifying defendant. 
Therefore, the Court concluded, "a defendant who preemptively introduces evidence of a
prior conviction on direct examination may not on appeal claim that the admission of such
evidence was error." Ohler, 529 U.S. at 760.

 We agree with the reasoning of the Court and decline the invitation to create a
tactical exception to the general rule. Accordingly, we find Turk waived any complaint he
had about the trial court's ruling when he first introduced the complained-of evidence
himself.

 We affirm the judgment.


 Donald R. Ross

 Justice


Date Submitted: May 16, 2002

Date Decided: June 5, 2002


Do Not Publish