COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NO.
02-06-078-CR

 

 

JAIMEY DALE EICHELBERGER                                               APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                               STATE

 

                                              ------------

 

              FROM THE 78th DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

I.  Introduction








Appellant Jaimey Dale Eichelberger pleaded guilty
before a jury to the offense of manufacturing 400 or more grams of
methamphetamine.  The punishment phase of
Appellant=s trial proceeded before a jury,
and the jury ultimately assessed Appellant=s
punishment at fifty-five years=
confinement and a $25,000 fine.  The
trial court reduced the fine to $10,000 and otherwise sentenced him
accordingly.  This appeal followed.  In his sole issue on appeal, Appellant claims
that the trial court abused its discretion by excluding from evidence the
plea-bargained punishmentsCten
years=
confinement probated for ten yearsCassessed
against Appellant=s nontestifying
accomplices.  Because we hold for the
reasons set forth below that the trial court did not abuse its discretion, we
will affirm the trial court=s
judgment.

II.  Procedural and Factual Background[1]

Operating on a call from an unknown citizen
complaining of an odor emanating from a certain house in Wichita Falls, police
arrived at the house.  The police
recognized the odor as ether and saw Appellant coming from the back of the home
carrying a five-gallon bucket in each hand. 
Ether and five-gallon buckets are both commonly used in the manufacture
of methamphetamine, so the police arrested Appellant.  The police patted down Appellant and found
one-half ounce of methamphetamine and $1,600 in his pockets. 








Police also encountered Jaime Johnson on the
premises.  Johnson had a strong,
unmistakable smell of ether on his person, so police arrested him.  Police successfully encouraged a woman,
Kendra Potts, to exit the house and arrested her also.  Police then obtained a warrant to search the
house and discovered an operating methamphetamine lab.

Appellant established at trial that Johnson
actually rented the house with his girlfriend Potts and that when Johnson was
arrested, police found $2,500 cash in his pockets.  

Appellant called numerous witnesses who testified
to Appellant=s desire to end his addiction to
drugs and to lead a sober life. 
Appellant himself testified that he desired to change his life.

III. 
Standard of Review

When reviewing a trial court's ruling on the
admission of evidence, an appellate court applies an abuse of discretion
standard of review.  Montgomery v.
State, 810 S.W.2d 372, 391 (Tex. Crim. App.1991) (op. on reh'g).  A trial court abuses its discretion when its
decision lies outside the zone of reasonable disagreement.  Green v. State, 934 S.W.2d 92, 101‑102
(Tex. Crim. App. 1996).

IV.  Refusal to Admit Evidence of Plea-Bargained
Punishments

Assessed Against
Nontestifying Accomplices 

 








In his sole issue, Appellant claims that the
trial court abused its discretion by refusing to permit him to introduce into
evidence the plea-bargained punishments assessed against Johnson and Potts, ten
years=
confinement probated for ten years.  The
trial court did permit Appellant to make an offer of proof, and that record is
before us. 

Appellant first claims that evidence of the
punishment imposed on Johnson and Potts meets the Rule 401 relevancy standard
and points out that under Texas Code of Criminal Procedure article 37.07(c)(1),
evidence may be offered at the punishment phase of trial Aas to
any matter the court deems relevant to sentencing.@  Tex.
Code Crim. Proc. Ann. art. 
37.07(c)(1) (Vernon Supp. 2007); see Tex. R. Evid. 401.  The
State contends that evidence of punishments received by nontestifying
accomplices is not relevant for two reasons. 
First, only a defendant=s own
circumstances are relevant in determining an appropriate punishment for that
defendant.  See Cook v. State,
858 S.W.2d 467, 476 (Tex. Crim. App. 1993); Evans v. State, 656 S.W.2d
65, 67 (Tex. Crim. App. 1983).  And
second, Johnson and Potts entered into plea-bargain agreementsCwhich by
their nature encompass concessions by the StateCwhile
Appellant did not enter into a plea-bargain agreement.  Thus, the State argues that the
plea-bargained punishments received by Potts and Johnson are not relevant to
the issue of what constitutes a proper non-plea bargained punishment for
Appellant.








In support of its position, the State points to
the case of Prystash v. State, 3 S.W.3d 522, 528 (Tex. Crim. App.
1999).  In Prystash, a capital
case, the trial court excluded evidence that the State had offered Prystash a
plea offer of fifty-five years=
confinement.  Id at 527.  Prystash argued that the offer of fifty-five
years, as opposed to an offer of life, was admissible at the punishment phase
of trial as mitigating evidence relevant to the jury's determination of special
issue number two because it reflected the prosecutor=s belief
that Prystash was not a continuing danger to society.   Id. 
The court of criminal appeals explained that the plea bargain agreement
offered by the government to Prystash in his own case might be Aminimally
relevant to a State District Attorney's . . . belief that the defendant was not
a future danger.@ 
Id at 527-528. (quoting Smith v. State, 898 S.W.2d 838,
844 (Tex. Crim. App. 1995).  But the
court of criminal appeals nonetheless held that the plea offer was inadmissible
under Rule 403 because 

Public policy favors the conclusion of litigation
by compromise and settlement, both in criminal and civil cases, and allowing a
criminal defendant to introduce evidence about a sentence offered by the State
during plea negotiations clearly militates against this policy.  [citations omitted] If evidence of plea
bargain offers were admissible, Athe
State would be ably discouraged from making such offers in the future, and plea
bargaining is essential to the administration of justice in America.@

Prystash, 3 S.W.3d at 528 (quoting Smith, 898 S.W.2d
at 844 n. 6).     








The reasoning of the court of criminal appeals in
the Prystash case is applicable to the present facts.  Even if the plea-bargained sentences obtained
by Johnson and Potts were somehow minimally relevant to Appellant=s
sentencing, this evidence would be inadmissible under Rule 403 based on the public
policy rationale articulated by the court of criminal appeals in Prystash.  Prystash, 3 S.W.3d at 528.  That is, to permit admission into evidence of
plea-bargained sentences obtained by nontestifying accomplices would discourage
the State from making plea bargains to avoid their admission into evidence.  And the court of criminal appeals has
recognized that Aplea bargaining is essential to
the administration of justice in America.@  Id.

In support of his argument that Johnson=s and
Potts=s
plea-bargained sentences should have been admitted at the punishment phase of
his trial, Appellant relies upon the case of Murphy v. State, 777 S.W.2d
44, 63 (Tex. Crim. App. 1989) (op. on reh=g).  But, as Appellant points out, Murphy
holds that at the punishment phase of trial, determining the evidence that the
jury is permitted to hear is Amore a
question of policy than of logic.@  Id. 
The court of criminal appeals in the subsequent case of Prystash
specifically held that public policy mandates the exclusion of plea-bargained
sentences or offers from evidence.  Prystash,
3 S.W.3d at 528.  Consequently, we cannot
agree that Murphy dictates a different result.       








Finally, regardless of whether under some set of
circumstances the plea-bargained sentences obtained by Johnson and Potts were
possibly admissible, we cannot say that the trial court=s
exclusion of this evidence constituted an abuse of discretion.  See, e.g., Montgomery, 810 S.W.2d at
391.  Accordingly, we overrule Appellant=s sole
issue.

V.  Conclusion

Having overruled Appellant=s sole
issue, we affirm the trial court=s
judgment.

 

SUE
WALKER

JUSTICE

 

PANEL F:  LIVINGSTON, DAUPHINOT and WALKER, JJ.

 

PUBLISH

 

DELIVERED: May 31, 2007

 











[1]Appellant=s brief contains a
detailed summary of the evidence presented at the punishment phase of Appellant=s trial.  Much of the evidence, however, is not
relevant to the issue raised on appeal, so we present only an overview of the
relevant facts here.