# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00132-CR

**Justin Ryan McCarthy, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT
### NO. 05-437-K26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On June 9, 2005, Justin Ryan McCarthy pleaded guilty to the first-degree felony offense of possession of a controlled substance, methylenedioxy methamphetamine, or "ecstasy," with intent to deliver. *See* Tex. Health & Safety Code Ann. § 481.113(d) (West 2003). The trial court placed him on deferred adjudication for a period of ten years and imposed a fine of $2,500. On April 25, 2006, the State filed a motion to adjudicate guilt based on alleged violations of McCarthy's conditions of community supervision. After a hearing in which McCarthy pleaded "true" to three of the allegations in the State's motion to adjudicate, the trial court granted the motion and rendered judgment adjudicating guilt and sentencing McCarthy to forty years' confinement. On appeal, McCarthy argues that the trial court erred in (1) denying his request for a continuance to procure a necessary witness, (2) refusing to admit evidence of a co-defendant's sentence, and

(3) imposing a sentence that amounted to cruel and unusual punishment in violation of the Eighth Amendment. *See* U.S. Const. amend. VIII. We affirm the trial court's judgment.

## BACKGROUND

In 2001, McCarthy was placed on deferred adjudication in Missouri for felony possession of marijuana. While on deferred adjudication in Missouri, McCarthy moved to Texas and was arrested in February 2005 for possession of ecstasy with intent to deliver, in the amount of four grams or more but less than four hundred grams. *See* Tex. Health & Safety Code Ann. § 481.113(d). At the time of his arrest, McCarthy was riding as a passenger in a vehicle driven by Brandon Edgar. Approximately 137 ecstasy tablets were discovered in the vehicle after Edgar was pulled over for a traffic violation, and both Edgar and McCarthy were arrested and charged with possession of a controlled substance with intent to deliver.[1]

McCarthy pleaded guilty to the offense and, on August 12, 2005, the trial court placed him on deferred adjudication for a period of ten years. As a result, McCarthy was simultaneously on deferred adjudication in both Missouri and Texas. On November 6, 2005, McCarthy was arrested in Travis County, Texas, for driving while intoxicated (DWI). McCarthy informed his probation officers, in both Missouri and Texas, of the arrest. The Williamson County District Attorney's Office informed McCarthy that the State would not file a motion to adjudicate guilt based on the DWI arrest, provided McCarthy complied with the original terms of his plea bargain and cooperated with Williamson County in another prosecution. McCarthy's Missouri probation officer, however,

---

[1] McCarthy conceded at the adjudication hearing that he had placed the ecstasy tablets in a sock, and that the tablet-filled sock was found in a suitcase in the back of the vehicle.

notified him that the State would be filing a motion to adjudicate based on the DWI arrest. Upon learning that Missouri intended to proceed to adjudication, McCarthy stopped reporting to either probation officer in February 2006 and subsequently moved to California without permission.

McCarthy's Texas probation officer testified at the hearing that even before McCarthy ceased reporting and moved to California, he had violated his probation by failing to attend certain required programs and failing to seek treatment at an intensive out-patient chemical abuse treatment facility. A representative of Williamson County further testified that McCarthy had not paid any of his required monthly fees to the Williamson County probation office during his deferred adjudication. Based on these violations, as well as the DWI arrest and McCarthy's failure to report, the State filed its motion to adjudicate guilt on April 25, 2006.

On February 13, 2007, while McCarthy was still living in California with warrants out for his arrest in Missouri and Texas, he was pulled over for failure to wear a seat belt. The California police officer detected the odor of marijuana and obtained McCarthy's permission to search the vehicle, where he found half a gram of marijuana. The officer then obtained permission to search McCarthy's nearby home, where he found approximately eight grams of marijuana. At some point, the officer discovered McCarthy's outstanding warrants and arrested him. McCarthy was subsequently released when Williamson County failed to retrieve him from California, but the warrant was reissued, and McCarthy was arrested in his home and extradited to Texas approximately two weeks later.

The adjudication hearing was held on January 16, 2008, and continued to February 19, 2008. McCarthy pleaded true to the State's allegations that he had failed to report to

his probation officer on a monthly basis as required and that he had failed to make his required monthly payments to the Williamson County probation office. McCarthy stood mute or pleaded not true to the State's allegations that he had driven while intoxicated or consumed an alcoholic beverage on November 6, 2005, that he had changed his place of residence without permission, that he had failed to perform his required community service, that he had failed to commit himself to an intensive outpatient chemical abuse treatment facility as directed, that he had failed to attend alcoholics anonymous or narcotics anonymous meetings as directed, that he had failed to attend a victim impact program as directed, and that he had failed to complete a cognitive education program as directed. The trial court found all of the allegations to be true and sentenced McCarthy to forty years' imprisonment.

On appeal, McCarthy argues that the trial court erred in (1) denying his request for a continuance to procure a necessary witness, (2) refusing to admit evidence of a co-defendant's sentence, and (3) imposing a sentence that amounted to cruel and unusual punishment.

## STANDARD OF REVIEW

An appeal is permitted from a trial court's decision to proceed to an adjudication of guilt. *See* Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b) (West Supp. 2008). Such a decision is reviewable in the same manner as a decision to revoke post-conviction supervision. *See id.* The violation of a single condition of community supervision is sufficient to support a revocation decision. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).

We review a trial court's ruling on a motion for continuance for abuse of discretion. *Gallo v. State*, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007); *Janecka v. State*, 937 S.W.2d 456, 468

4

(Tex. Crim. App. 1996). To establish an abuse of discretion, there must be a showing that the defendant was actually prejudiced by the denial of his motion. *Gallo*, 239 S.W.3d at 764; *Janecka*, 937 S.W.2d at 468.

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Shuffield v. State*, 189 S.W.3d 782, 793 (Tex. Crim. App. 2006). If the trial court's decision was within the bounds of reasonable disagreement, we will not disturb its ruling. *Id.*

The Eighth Amendment prohibits cruel and unusual punishment, including extreme sentences that are "grossly disproportionate" to the crime. *Ewing v. California*, 538 U.S. 11, 23 (2003). In reviewing an appellant's claim that his sentence was grossly disproportionate, we must analyze "the gravity of the offense compared to the harshness of the penalty," according "proper deference to the policy judgments that find expression in the legislature's choice of sanctions." *Id.* at 28-29.

**DISCUSSION**

*Motion for Continuance*

In his first issue, McCarthy argues that the trial court erred in denying his motion for a continuance in order to allow him to procure a necessary witness, his fiance, Candice Ramirez. According to McCarthy, Ramirez was a critical witness because she lived with him during the time period in which he stopped reporting to his probation officer, and could have testified regarding the emotional and financial problems that caused him to violate his probation and move to California. He further argues that Ramirez's testimony would have "allowed the trial judge to understand that

Appellant's behavior and mental processes were impaired to the point where he was unable to make intelligent and knowing decisions."[2]

A motion for continuance in a criminal trial must be sworn to by someone who has personal knowledge of the facts relied on for the continuance. Tex. Code Crim. Proc. Ann. art. 29.08 (West 2006). McCarthy's motion was not sworn to and therefore any error in denying the motion has not been preserved for review. *See Matamoros v. State*, 901 S.W.2d 470, 478 (Tex. Crim. App. 1995). Furthermore, even if error had been preserved, the record reflects that McCarthy failed to obtain a subpoena for Ramirez or otherwise attempt to secure her attendance at the hearing, despite having previously been granted a continuance in order to allow her to testify.[3] A trial court does not err in denying a motion for continuance when the movant has failed to demonstrate the diligence required in seeking to locate or subpoena the missing witness. *See Dewberry v. State*, 4 S.W.3d 735, 756 (Tex. Crim. App. 1999); *Peoples v. State*, 477 S.W.2d 899, 891 (Tex. Crim. App. 1972). Under the circumstances, we hold that the trial court acted within its discretion in denying the motion for continuance. McCarthy's first issue is overruled.

---

[2] Because McCarthy pleaded true to multiple allegations in the State's motion to adjudicate, Ramirez's testimony would not have been relevant to the trial court's decision to proceed to adjudication. However, McCarthy takes the position that Ramirez's testimony would have been relevant to the mitigation of his punishment.

[3] In addition, the hearing in this case began on January 16, 2008, but was not completed on that date and was carried over to February 19, 2008. McCarthy moved for a continuance at the first hearing date, but did not reurge his motion or secure Ramirez's attendance at the second hearing date.

*Evidence of Co-defendant's Sentence*

In his second issue on appeal, McCarthy argues that the trial court erred in refusing to admit evidence of the punishment assessed against Edgar, McCarthy's co-defendant, for the same offense—possession of a controlled substance with intent to deliver. When McCarthy attempted to offer Edgar's judgment of conviction into evidence, the trial court sustained the State's objection based on relevance.

McCarthy argues that Edgar's sentence is relevant because it involved the same offense and would have given the trial court "a framework upon which to assess punishment in this case." However, the court of criminal appeals has held that the punishment received by a co-defendant is not relevant to the issue of what punishment the defendant should receive. *See Evans v. State*, 656 S.W.2d 65, 67 (Tex. Crim. App. 1983) ("The law contemplates evidence personal to the accused, not comparisons with the convictions and punishments of other defendants."); *see also Eichelberger v. State*, 232 S.W.3d 225, 227 (Tex. App.—Fort Worth 2007, pet. ref'd) ("[O]nly a defendant's own circumstances are relevant in determining an appropriate punishment for that defendant."). In light of this authority, we hold that the trial court did not abuse its discretion in refusing to admit evidence of Edgar's sentence. McCarthy's second issue is overruled.

*Eighth Amendment*

In his third issue on appeal, McCarthy argues that the trial court violated the Eighth Amendment by imposing a sentence that was grossly disproportionate to the seriousness of the offense committed. The trial court assessed punishment in this case at 40 years' imprisonment

for the first-degree felony offense of possession of a controlled substance with intent to deliver. *See* Tex. Health & Safety Code Ann. § 481.113(d). The punishment range for this offense is incarceration for life or a term of five to 99 years, and a fine of up to $10,000. *See* Tex. Penal Code Ann. § 12.32 (West 2003). McCarthy's sentence is within the range of punishment for this offense. It is well established that a sentence falling within the applicable range of punishment generally does not violate the Eighth Amendment. *See, e.g.*, *Samuel v. State*, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972); *Williams v. State*, 191 S.W.3d 242, 262 n.6 (Tex. App.—Austin 2006, no pet.).

A sentence falling within the applicable range of punishment might still be considered cruel and unusual in cases involving "extreme sentences" that are "grossly disproportionate" to the offense. *Ewing*, 538 U.S. at 23 (quoting *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring)). In determining whether a sentence is grossly disproportionate, we consider not only the present offense but also the accused's criminal history. *Buster v. State*, 144 S.W.3d 71, 81 (Tex. App.—Tyler 2004, no pet.); *Davis v. State*, 119 S.W.3d 359, 363 (Tex. App.—Waco 2003, pet. ref'd).

McCarthy's criminal history reflects his conviction for the present offense of possession of ecstasy with intent to deliver, deferred adjudication for felony possession of marijuana in another state, and a DWI conviction. He also committed a number of violations of both his Texas and Missouri probation, ultimately absconding to California where, at the time of his arrest, he was in possession of over eight grams of marijuana. Given the circumstances and the fact that the sentence imposed was in the lower half of the statutory range, we cannot conclude that McCarthy's sentence was grossly disproportionate to the offense.

In any event, this issue has not been properly preserved for appellate review because McCarthy did not object to the assessed punishment at sentencing or by filing a motion for new trial. *See Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, no pet.) ("To preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired."); *see also* Tex. R. App. P. 33.1(a). As a result, we overrule McCarthy's third issue on appeal.

## CONCLUSION

We affirm the trial court's judgment.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed

Filed:  September 24, 2009

Do Not Publish

9