**Robert Lester LOAR, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 59986.

Court of Criminal Appeals of Texas, Panel No. 3.

March 18, 1981.

Rehearing Denied Feb. 24, 1982.

James W. Patterson, Houston, for appellant.

Carol S. Vance, Dist. Atty. Michael C. Kuhn and Richard F. Callaway, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before TOM G. DAVIS, McCORMICK and TEAGUE, JJ.

## OPINION

McCORMICK, Judge.

This is an appeal from a conviction for driving while intoxicated, Article 6701*l*–1, V.A.C.S. The court assessed punishment at sixty days in jail and a $250.00 fine, both probated for one year.

The appellant contests the admissibility of his oral statements made to police officers, the State's use of an offense report during cross-examination, and the propriety of the State's jury argument.

On June 23, 1977, at 3:15 a. m., appellant was stopped for going the wrong way on a one-way street in Houston. Officer Conley approached the car on the driver's side and requested appellant to step out and produce his driver's license. Noticing appellant's lack of control, the officer asked appellant if he had been drinking. Appellant replied, "One glass of wine." From appellant's appearance, demeanor, and responses, the officer concluded appellant was intoxicated and arrested him. Appellant testified at trial that he had one glass of wine, but was completely sober.

From the above facts, appellant contends, in two grounds of error, that the trial court erred in admitting into evidence statements he made while under arrest.

Article 38.22, Section 5, V.A.C.C.P., states:

"Nothing in this article precludes the admission of a statement made by the accused in open court at his trial, before a grand jury, or at an examining trial in compliance with Articles 16.03 and 16.04 of this code, or of a statement that is the res gestae of the arrest or of the offense, or of a statement that does not stem from custodial interrogation, or of a voluntary statement, whether or not the result of custodial interrogation, that has a bearing upon the credibility of the accused as a witness, or of any other statement that may be admissible under law."

The facts reflect that the statement was made during the stop for a traffic violation. Since the statement was not the product of custodial interrogation, its admission into evidence was not a violation of the rights guaranteed under *Miranda v. Arizona*, 348 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). In addition, this Court has held in similar cases that a defendant's response that he had a few social drinks was not error in the absence of showing that the conversation was not part of the res gestae. *Garland v. State*, 157 Tex.Cr.R. 4, 246 S.W.2d 204 (1952); *Goodney v. State*, 501 S.W.2d 311 (Tex.Cr.App.1973). Moreover, appellant took the stand in his own defense and admitted making the statement. See also, *Warren v. State*, 514 S.W.2d 458 (Tex. Cr.App.1974). There is no error.

In ground of error three, appellant complains that it was error to permit the prosecutor to rely on Officer Rushing's offense report during cross-examination of appellant. The record reveals the prosecutor apparently used the offense report as a guide during cross-examination when he asked:

"Q. (By Mr. Calloway) Would you say this question was correct?

"MR. PATTERSON: I object to him cross-examining this witness on a document that is not admissible into evidence.

"THE COURT: Sustained."

This ground of error is without merit. Appellant's objection was sustained and no further relief was requested. Nothing is presented for review. *Reese v. State*, 531 S.W.2d 638 (Tex.Cr.App.1976), *Nevarez v. State*, 503 S.W.2d 767 (Tex.Cr.App.1974).

Appellant, in grounds of error four and five, complains of alleged improper jury arguments by the prosecution. Appellant testified he drank ten cups of coffee discussing an important business venture prior to being arrested. The prosecutor argued:

"If you are going to acquit this defendant, you have to rationalize and reconcile the story about Ruggles, discussing business deals and old times over ten cups of coffee for three hours.

" * * *

"And if you want to acquit, then you have to believe that the three police officers got together and lied about everything."

The State's argument questioned the credibility of appellant's testimony and commented on inconsistencies between the witnesses. It is not improper to reconcile inconsistencies and analyze evidence within reasonable deductions. *Collins v. State*, 548 S.W.2d 368 (Tex.Cr.App.1977). We find no error in respect to the jury argument vouching for or questioning the credibility of a witness that involved a reasonable deduction from the evidence. *Chapman v. State*, 503 S.W.2d 237 (Tex.Cr.App.1974).

In appellant's final ground of error, he complains that the trial court erred in sustaining the objection by the prosecutor to appellant's arguing reasonable doubt. The record reflects that appellant argued that the "jury was required to render a verdict of not guilty if they harbored any doubt based on reason." The prosecutor objected that such was not a proper statement of the burden of proof. The trial court sustained the objection.

The constitutionally required burden of proof in criminal cases is that the State establish all elements of the offense beyond a reasonable doubt. We fail to perceive that the trial court erred in sustaining the objection to counsel's argument. See Crump, *The Function and Limits of Prosecution Jury Argument*, 28 S.W.L.J. 505, at 509.

The judgment is affirmed.