**Robert Donald BRADEEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–85–00793–CR.**

Court of Appeals of Texas, Dallas.

March 7, 1986.

Harry F. Smith, Plano, for appellant.

Gary Moore, Asst. Dist. Atty., Dallas, for appellee.

Before GUITTARD, C.J., and VANCE and WHITHAM, JJ.

VANCE, Justice.

Robert Donald Bradeen appeals his conviction for driving while intoxicated. The trial court assessed punishment at confinement in jail for forty-five days and a fine of $600. The confinement was probated for a period of twenty-four months. In three grounds of error, appellant contends that: (1) the trial court erred in admitting an oral statement made by appellant while under arrest; (2) the trial court erred in allowing a State's witness to testify to matters beyond the scope of cross-examination; and (3) the trial court erred by making comments upon the weight of the State's evidence. We disagree with all of appellant's contentions. Consequently, we affirm.

## ORAL STATEMENT

■ Appellant contends that the trial court erred in admitting, over objection, the oral statement of appellant that he had two mixed drinks and a bottle of wine to drink

because the statement was made while in custody without benefit of *Miranda* warnings. This contention is without merit.

We first note that appellant fails to specifically state in his brief where in the record the erroneous admission of his oral statement occurred. Due to this failure, appellant's brief does not meet the requirements of article 40.09(9) of the Code of Criminal Procedure. We have, however, located the complained-of error and will proceed to review appellant's contention.

The record reveals that appellant was driving a motor vehicle on a public highway and was stopped by Irving Police Officers Ryan and Browning because his vehicle was weaving from side to side across marked lanes of traffic and over a white line on the shoulder of the highway. After stopping, appellant got out of his vehicle immediately and stumbled slightly as he approached the officers' patrol car. At this time the officers had gotten out of their patrol car and were approaching appellant. Officer Browning asked appellant for his driver's license, which he produced. Appellant was asked to recite the alphabet. Appellant slowly started to recite it and then stopped, saying it had been a long time ago. Officer Browning also noticed alcohol on appellant's breath and, in an effort to find out if appellant was indeed intoxicated, asked appellant if he had had anything to drink. Appellant responded that he had had one bottle of wine and two mixed drinks. Officer Browning stated that appellant was neither under arrest nor had a decision been made to arrest appellant when appellant was asked if he had been drinking. Officer Browning testified that, in his opinion, appellant was intoxicated and that he based his opinion on appellant's driving, the smell of alcoholic beverages on his person, and appellant's statement. Appellant was not arrested until after other officers arrived on the scene and further investigation was made, although Officer Browning admitted that appellant was being temporarily detained at the time he made the oral statement. No warnings had been given appellant prior to the time he made the oral statement.

Appellant testified that he had had a half bottle of wine and one cocktail to drink. He also admitted telling the police officers that he had had a bottle of wine to drink.

The facts reflect that appellant's oral statement was made during a stop for a traffic violation. Since the statement was not the product of custodial interrogation, its admission into evidence was not a violation of the rights guaranteed under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *Loar v. State*, 627 S.W.2d 399, 400 (Tex.Crim.App.1982). In addition, admission of appellant's response was not error in the absence of showing that the conversation was not part of the res gestae. *Id.* Moreover, appellant took the stand in his own defense and admitted consuming alcohol and telling the officers that he had had a bottle of wine to drink. *Id.* Therefore, there is no error.

*Newberry v. State*, 552 S.W.2d 457 (Tex. Crim.App.1977), upon which appellant relies, is distinguishable from the instant case. In *Newberry, prior* to the accused's admissions regarding drinking, the police officer had formed an opinion that the accused was intoxicated and the accused was in custody. Here, however, Officer Browning had not placed appellant in custody and had not formed an opinion that appellant was intoxicated until after the oral statement was made. Appellant's first ground of error is overruled.

### REDIRECT

■ Appellant next contends that the trial court erred in allowing the prosecutor to ask a State's witness questions on redirect examination that exceeded the scope of the cross-examination. We disagree.

We note again that appellant has failed to state in his brief where in the record the complained of error occurred. This does not, as we have stated, comply with the requirements of article 40.09(9) of the Code of Criminal Procedure. We have, however, located the pertinent part of the record and will review appellant's ground of error.

The record shows that Irving Police Officer Fuller was a State's witness and had made a videotape of appellant at the time of appellant's arrest. The tape was introduced through the testimony of Officer Fuller and played for the jury. Officer Fuller had observed appellant at the scene of his arrest and during the making of the videotape and stated that, in his opinion, appellant was intoxicated.

On cross-examination, Officer Fuller was asked about the kind of alcoholic beverage on appellant's breath, whether appellant's eyes were unusually red, and about the warnings given at the time the videotape was made.

On redirect the prosecutor asked:

Q. With regard to the video tape, was there anything on the videotape that you saw today which indicated to you that he might have lost the use—the normal use of his mental faculties?

Appellant's objection to this question as being beyond the scope of cross-examination was overruled.

While we note that the redirect examination was not beyond the scope of the cross-examination because appellant cross-examined Officer Fuller concerning symptoms of intoxication exhibited by appellant, *see Phillips v. State*, 661 S.W.2d 226, 229 (Tex. App.—Houston [1st Dist.] 1983, pet. ref'd), we hold that the trial court had the discretion to allow redirect examination to exceed the scope of cross-examination. If appellant's counsel felt that new matters were raised on redirect, his remedy was not to object but, if he so desired, to cross-examine on those new matters. Here, appellant chose not to cross-examine Officer Fuller after redirect. Appellant's ground of error is overruled.

### COMMENT ON THE EVIDENCE

■ Lastly, appellant contends that, when various State's witnesses identified him in court, the trial court's remarks that followed such identification were improper comments on the weight of the State's evidence. We disagree.

Various State's witnesses identified appellant in court, and after each identification the State would ask to have the record reflect that the witness had identified the appellant. The trial court, over appellant's objection, would then say, "The record will so reflect."

The procedure followed by the prosecutor and the trial court was approved and recommended in *Rohlfing v. State*, 612 S.W.2d 598, 601 n. 2 (Tex.Crim.App.1981). Further, the use of the phrase, "the record will so reflect," is hardly a comment on the evidence that would prejudice the accused or benefit the State. *Young v. State*, 644 S.W.2d 18, 21 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd). Appellant's ground of error is overruled.

Affirmed.