11th Court of Appeals

 Eastland, Texas

         Opinion 

Stephen Barton Chasteen

Appellant 

Vs.                   Nos. 11-02-00250-CR & 11-02-00251-CR B 
Appeals from Erath County

State of Texas 

Appellee

 

In one
trial involving two indictments, a jury convicted appellant of sexual assault
of a child[1]
and aggravated assault with a deadly weapon.[2]  The trial court assessed punishment for the
sexual assault of a child at 20 years confinement and a $10,000 fine. The trial
court assessed punishment for the aggravated assault with a deadly weapon at 10
years confinement.  We affirm.

Appellant
brings one point of error in each appeal. 
Appellant contends that the trial court erred when it sustained two
objections made by the State during appellant=s closing argument and then instructed the jury to disregard appellant=s arguments. 

In closing
arguments, defense counsel attempted to define reasonable doubt before the
jury.  He first stated, AIf you say, I wonder about that, that=s reasonable doubt.@  The
trial court sustained the State=s objection to the statement and, pursuant to the State=s request, instructed the jury that Athat is not a correct statement of the law.@ 
Defense counsel further argued, AIf you don=t feel
comfortable about finding him guilty, then there=s a reasonable doubt in your mind.@ The State objected to this statement also; and, after the trial court
sustained the objection, it instructed the jury to disregard the
statement.  

Beginning
in 1991, a trial court was required to define Areasonable doubt@ in the jury charge.  Geesa v.
State, 820 S.W.2d 154, 162 (Tex.Cr.App.1991). 
The charge required by Geesa stated in relevant part:

A Areasonable doubt@ is a doubt based on reason and common sense
after a careful and impartial consideration of all the evidence in the
case.  It is the kind of doubt that
would make a reasonable person hesitate to act in the most important of his own
affairs.  








Proof
beyond a reasonable doubt, therefore, must be proof of such a convincing
character that you would be willing to rely and act upon it without hesitation
in the most important of your own affairs.

 

Nine years later, the
Court of Criminal Appeals overruled that portion of Geesa requiring the
definition.  The court held that Athe better practice is to give no definition
of reasonable doubt at all to the jury.@  Paulson v. State, 28 S.W.3d
570, 573 (Tex.Cr.App.2000).  In Paulson,
it was noted that the first definition was useless and that the second
definition was ambiguous.  Paulson v.
State, supra at 572.  Further, the third
definition was a fallacious application of the second definition.   Paulson v. State, supra at 572.

An
argument similar to that made in this case was made in Billy v. State, 77
S.W.3d 427 (Tex.App. B
Dallas 2002, pet=n ref=d).  In Billy, the
defendant=s attorney attempted to argue the Ahesitation@ type argument condemned in the jury charge in Paulson.  The trial court refused to allow the
argument.  The court in Billy v. State,
supra at 430, quoted the following language from Paulson:

If a
conscientious juror reads the Geesa charge and follows it literally, he
or she will never convict anyone. 
Considerations utterly foreign to reasonable doubt might make a person
hesitate to act.  The gravity of the
decision and the severity of its consequences should make one pause and
hesitate before doing even what is clearly and undoubtedly the right thing to
do.  Judgments that brand men and women
as criminals, and take their money, their liberty, or their lives are deadly
serious.  They are decisions that make
us hesitate if we have any human feelings or sensitivity at all.  So to convict, a juror must either ignore
the definition, refuse to follow it, or stretch it to say something it does not
say.  

 








Here,
following the reasoning in Paulson relating to the jury charge, there
are many reasons other than a reasonable doubt why a person might feel Auncomfortable@ in finding a person guilty or Awonder@ about something or the other.  We agree with the reasoning in Paulson
and Billy and find that the arguments were misleading.  An argument that misstates the law or is
contrary to the court=s
charge is improper.  Melendez v. State,
4 S.W.3d 437 (Tex.App. B Houston [1st Dist.] 1999, no pet=n).  Defense counsel may not
make statements about the State=s burden of proof that are inaccurate or misleading.  Loar v. State, 627 S.W.2d 399, 401
(Tex.Cr.App.1981).  Because the
statements made by defense counsel were misstatements and misleading, the trial
court did not err when it sustained the State=s objections to the statements. 
Further, because defense counsel=s statements were erroneous, the trial court=s instruction to the jury was appropriate to
cure the effect of the erroneous statements. 
See Martinez v. State, 17 S.W.3d 677 (Tex.Cr.App.2000).  We overrule appellant=s sole point of error in each appeal.

The
judgments of the trial court are affirmed. 

 

JIM
R. WRIGHT

JUSTICE

 

January 30, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.

 











[1]Cause No. 11-02-00250-CR.





[2]Cause No. 11-02-00251-CR.