Opinion filed November 30, 2006
















 
 
  
 
 







 
 
  
 
 




Opinion filed November 30, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00378-CR 

                                                     __________

 

                              ROBERTO
AREVALO JASSO, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                         On
Appeal from the 238th District Court

 

                                                        Midland County, Texas

 

                                                 Trial
Court Cause No. CR30631

 



 

                                                                   O
P I N I O N 

Roberto Arevalo Jasso was indicted for the offense
of possession of cocaine.  Appellant
entered a plea of not guilty.  A jury
found him guilty of the offense, and the trial court assessed punishment at 180
days in the Texas Department of Criminal Justice, State Jail Division, probated
for 2 years.  We affirm.  








On February 28, 2005, appellant went to a night club
called AClub
Arriba.@  Upon being told that narcotics were possibly
being sold in the club, Sergeant Bernard Earl Kraft Jr., a certified peace
officer working off duty at the night club, notified another off-duty police
officer, Paul Paget, to keep an eye on a suspicious individual, Flavio
Lujan.  The officers followed Lujan to
the restroom.  When Officer Paget entered
the restroom, he saw Lujan and appellant, standing together with appellant=s back to Officer Paget.  Appellant was observed in a bent over
position with his shoulders moving as he snorted cocaine.  Officer Paget asked appellant what he was
doing, and appellant threw a clear, plastic bag into the toilet and missed so
that the packet of cocaine fell to the floor. 
Officer Paget placed appellant under arrest.  Officer Paget testified that appellant had cocaine
on his nose and moustache.  Officer Paget
retrieved the bag, which was placed in evidence and shown to contain .06 grams
of cocaine.  When Lujan was patted down,
several packets of cocaine were found similar in shape and size to the packet
appellant threw toward the toilet.   

Appellant argues that the evidence is legally and factually
insufficient to support the conviction. 
In a legal sufficiency review, we view all of the evidence in the light
most favorable to the verdict and then determine whether a rational trial of
fact could have found the essential elements of the crime beyond a reasonable
doubt.  See Jackson
v. Virginia, 443 U.S.
307 (1979).  To determine if the evidence
is factually sufficient, the appellate court reviews all of the evidence in a
neutral light.  Watson v. State,
2006 WL 2956272, at *8 (Tex. Crim. App. Oct. 18, 2006) (overruling in part Zuniga
v. State, 144 S.W.3d 477 (Tex. Crim. App. 2004)); Johnson v. State,
23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d
404, 407-08 (Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 129
(Tex. Crim. App. 1996).  Then, the
reviewing court determines whether the evidence supporting the verdict is so
weak that the verdict is clearly wrong and manifestly unjust or whether the
verdict is against the great weight and preponderance of the conflicting
evidence.  Watson, 2006 WL
2956272, at *8;  Johnson, 23
S.W.3d at 10-11.  The jury is the sole
judge of the weight and credibility of the witnesses=
testimony, and due deference must be given to the jury=s
determination. Tex. Code Crim. Proc. Ann.
art. 36.13 (Vernon
1981), art. 38.04 (Vernon
1979); Johnson, 23 S.W.3d at 8-9.








The record shows that the packet appellant threw
toward the toilet upon the officers entering the restroom was cocaine.  There was testimony that appellant had white
powder on his nose and moustache but that the powder was not collected and
tested and not part of the amount he was indicted for.  In order to be convicted of possession of
cocaine, the State had to prove that appellant had actual care, custody,
control or management of the cocaine.  Tex. Health & Safety Code Ann. '
481.002(38) (Vernon
Supp. 2006), '
481.115(a), (b) (Vernon 2003). Given that appellant possessed the cocaine when
the police entered the restroom, that he threw the packet toward the toilet,
and that no other defensive theory was offered at trial, the evidence is both
legally and factually sufficient to support appellant=s
conviction.  Issue one is overruled.

Next, appellant argues that the prosecutor made an
inappropriate comment during closing arguments. 
The prosecutor said that the evidence was Aclear,
well beyond a reasonable doubt.@  Appellant did not object to any of the
complained-of jury arguments and, therefore, has waived his complaint on
appeal.  Tex. R. App. P. 33.1(a); Cockrell v. State, 933 S.W.2d
73, 89 (Tex. Crim. App. 1996); Loar v. State, 627 S.W.2d 399, 400 (Tex.
Crim. App. 1981).  Issue two is
overruled.

The judgment of the trial court is affirmed. 

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

November 30, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.