**608-15**

No. _____     ORIGINAL

# COURT OF CRIMINAL APPEALS OF TEXAS

**CHARLES FREDRICK BELL**

Petitioner

FILED IN
COURT OF CRIMINAL APPEALS

JUL 14 2015

Abel Acosta, Clerk

**Vs.**

**THE STATE OF TEXAS**

Respondent

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 13 2015

Abel Acosta, Clerk

No. 05-13-01616-CR

Court of Appeals

Fifth District of Texas at Dallas

Trial Court Cause No. 219-80942-2012

219th Judicial District Court

Collin County, Texas

# Petition for Discretionary Review

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

Charles Fredrick Bell, Petitioner (Pro-se) respectfully petitions the Court to review the judgment and opinion reforming and affirming conviction in cause no. 219-80942-2012.

## Identity of Judge, Parties and Counsel

**Trial Court Judge:**

Honorable Scott J. Becker

219th District Court

2100 Bloomdale Road

McKinney, Texas  75071

**Respondent:**

State of Texas

**Prosecuting Counsel:**

Daniel Lewis

Shannon Miller

Gregg Willis

Collin County District Attorney

2100 Bloomdale Road, Ste 200

McKinney, Texas  75071

**Defendant/Petitioner:**

Charles F. Bell

-i-

TDCJ-CID # 1899258

1800 Luther Dr.

Navasota, Tx  77868

**Trial Counsel:**  Richard Franklin

Robbie McClung

100 Highland Park Village, Ste 200

Dallas, Texas  75205

**Appellate Counsel:**  Franklyn Mickelsen

Broden & Mickelsen

2600 State Street

Dallas, Texas  75204

# Table of Contents

**Page:**

Identity of Judge, Parties and Counsel     I – ii

Index of Authorities     vi

Statement Regarding Oral Argument     v

Statement of the Case     v

Statement of Procedural History     v

Ground for Review     1

Argument     1 - 2

Prayer for Relief     2 - 3

Appendix

# Index of Authorities

**Case:**                                                                        **Page:**

Brown v. Louisiana, 447 U.S. 323, 100 Sct. 2214 (1980)          1

Burch v. Louisiana, 441 U.S. 130,  99 Sct. 1623 (1979)          1

Duncan v. State, 627 Sw2d 401 (Tex. Crim. App., 1982)          1

Ex Parte Hemby, 765 Sw2d. 791 (Tex. Crim. App., 1989)          1

Francis v. State, 36 Sw3d. 121 (Tex. Crim. App., 2000)          2

Kitchens v. State, 823 Sw2d. 256 (Tex. Crim. App., 1991)          2

Landrin v. State, 268 Sw3d. 532 (Tex. Crim. App., 2008)          2

Ngo v. State, 175 Sw3d. 738 (Tex. Crim. App., 2005)          2

Pizzo v. State, 235 SW3d 711 (Tex Crim App., 2007)          2


**Texas Constitution:**

Tex. Const. Art. V., Sec. 13          2


**Texas Code of Criminal Procedure:**

Article 36.29(a) V.A.C.C.P.          2

## Statement Regarding Oral Argument

Oral Argument is not necessary in this case

## Statement of the case

Petitioner is appealing from judgment and conviction for various felony offenses stemming from a thirteen count indictment alleging sexual offenses against the same complainant and concurrent sentences of ten and twenty years were imposed along with fines of $5000 and $10000, also ordered to run concurrently. The Petitioner, after a plea of NOT GUILTY, was found guilty, after a trial by jury, on November 7, 2013, and assessed twenty years imprisonment on counts 1, 3, 4, 6, 7, 8, 9, 10 and 13. The jury also assessed ten years imprisonment on counts 2 and 12. A timely notice of appeal was filed, as well as the trial court's certification of defendant's Right to Appeal.

## Statement of Procedural History

The Court of Appeals rendered its decision reforming and affirming the judgment of the trial court on April 10, 2015. No motion for rehearing was filed. Motion to extend time to file PETITION FOR DISCRETIONARY REVIEW was granted by this Court. Time to file Petition for Discretionary Review was extended to July 10, 2015.

## Ground for Review

Was the Court of Appeals correct in rejecting Petitioner's sole issue on appeal based on a state law ground although such issue raises a fundamental Sixth Amendment claim?

## Argument

The Court of Appeals, reformed and affirmed the trial court's judgment, and, in so doing, found that "[a]lthough the jury charge did not inform the jury that they needed to be unanimous about which specific incident of criminal conduct constituted each of the alleged offenses, this error did not cause [petitioner] actual harm." The Court of Appeals has decided in important question of constitutional law in a way that conflicts with the decision of the United States Supreme Court in Burch v. Louisiana, 441 U.S. 130, 99 Sct. 1623 (1979) and the Texas Court of Criminal Appeals.

In Burch, the Supreme Court held that a conviction by a nonunanimous jury in a state criminal trial, as contemplated by the provisions of the state constitution and code of criminal procedure, violate the right of an accused to trial by jury guaranteed by the Sixth and Fourteenth Amendments. 441 U.S. at 134-139, 99 Sct. 1623. The Texas Court of Criminal Appeals has noted that the rule of Burch is "constitutionally required to preserve the substance of the jury trial right and assure the reliability of its verdict." See e.g. Ex Parte Hemby, 765 Sw2d 791, 793 (Tex. Crim. App., 1989)(quoting Brown v. Louisiana, 447 U.S. 323, 334, 100 Sct. 2214 (1980))'; Duncan v. State, 627 Sw2d. 401 (Tex. Crim. App., 1982)(same).

-1-

Under Texas law, jury unanimity is required in felony cases. See Tex. Const. art. V, Sec. 13; Article 36.29(a) V.A.C.C.P.; Pizzo v. State, 235 Sw3d. 711, 744 (Tex. Crim. App., 2007). To return a verdict of guilty, the jury must reach a unanimous verdict on which single specific criminal act the defendant committed. Landrin v. State, 268 Sw3d. 532, 535 (Tex. Crim. App., 2008); Ngo v. State, 175 Sw3d. 738, 748 (Tex. Crim. App., 2005). While a Texas jury need not always decide unanimously which of several possible sets of underlying facts make up a particular element of the crime, even if the offense is charged in the conjunctive, Kitchens v. State, 823 Sw2d. 256, 258 (Tex. Crim. App., 1991), and although juror unanimity is required on the essential elements of the offense, but is generally not required on the alternate modes or means of commission, Pizzo, 235 Sw3d at 714, separate offenses may not be submitted to the jury in the disjunctive because of the possibility of a non-unanimous jury verdict. Francis v. State, 36 Sw3d. 121, 124-125 (Tex. Crim. App., 2000)(Op. on reh'g). Thus, by limiting its review of Petitioner's sole issue to a question of and interpretation of State law only, rather than as being premised on a violation of the Sixth Amendment right to trial by jury, applicable to Texas by virtue of the Fourteenth Amendment, the Court of Appeals erred. This Honorable Court of Criminal Appeals should grant PETITION FOR DISCRETIONARY REVIEW to encourage the Court of Appeals in the Fifth District and other district to correctly apply federal constitutional law when deciding the issue raised by Petitioner on direct appeal.


## Prayer for Relief

For the reasons stated above, Petitioner Charles Fredrick Bell respectfully prays that this Honorable Court grant this petition and upon reviewing the judgment and opinion of the Court of Appeals

-2-

below, reverse this cause and set aside the judgment and sentence. Petitioner further respectfully prays for such other and further relief to which he may be entitled under the laws and Constitution of the United States and the laws and Constitution of the State of Texas.

Respectfully submitted;

Charles F. Bell, (Pro-se)

Petitioner/Appellant

TDCJ-CID # 1899258

1800 Luther Dr.

Navasota, Tx 77868

## Verification

I, Charles F. Bell, TDCJ-CID No. 1899258, being presently incarcerated in the Texas prison system, here in Grimes County, Texas, declare under the penalty of perjury that the above and foregoing is true and correct to the best of my knowledge and belief.

Executed on this the _8th_ day of July, A.D. 2015.

Charles F. Bell, (Pro-se)

Petitioner/Affiant

## Certificate of Mailing/Service

I, Charles F. Bell, TDCJ-CID No. 1899258, being presently incarcerated in the Texas prison system, here in Grimes County, Texas, do hereby certify that on this the _8th_ day of July, A.D. 2015, a true and correct copy of the above and foregoing PETITION FOR DISCRETIONARY REVIEW was mailed to/served upon: Gregg Wills, Collin County District Attorney, 2100 Bloomdale Rd, Ste 100, McKinney, Texas, 75071, by depositing same into the internal prison mail system with first class postage prepaid.

Charles F. Bell, (Pro-se)

Petitioner/Appellant

## Certificate of Conference

A conference was not held with the adverse party because Charles F. Bell is incarcerated in the Texas prison system and proceeding pro-se because of his poverty. Pursuant to the rules, regulations and policies of the Texas prison system, prisoners are only allowed to place out-going telephone calls to persons, including attorneys and government officials, who make application to prison officials to have their name(s) and contact information placed on Charles F. Bell's prison-approved telephone calling list. The opposing party in this case has **NOT** to the best of Charles F. Bell's knowledge, made such a request of prison officials.

Charles F. Bell, (Pro-se)

Petitioner/Appellant

MODIFY and AFFIRM; and Opinion Filed April 10, 2015.



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-13-01616-CR

CHARLES FREDRICK BELL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial District Court
Collin County, Texas
Trial Court Cause No. 219-80942-2012

## MEMORANDUM OPINION

Before Justices Bridges, Lang-Miers, and Myers
Opinion by Justice Lang-Miers

A jury convicted appellant Charles Fredrick Bell of eleven sexual offenses against the same complainant, his girlfriend's teenage daughter. As to each count, the jury assessed punishment at either ten or twenty years in prison, along with a fine of either $5,000 or $10,000.[1] Appellant raises one issue on appeal arguing that his convictions on ten counts should be reversed because the trial court failed to give the jury a unanimity instruction with respect to each separate criminal incident alleged at trial. We resolve appellant's sole issue against him, modify the trial court's judgments to correct a clerical error, and affirm the judgments as modified.

---

[1] The jury assessed punishment at 20 years in prison plus a $10,000 fine for two counts of sexual assault of a child; 20 years in prison plus a $5,000 fine for five counts of sexual assault of a child and two counts of indecency with a child; and 10 years in prison plus a $5,000 fine for one count of indecency with a child and one count of sexual performance by a child. The trial court ordered the sentences and fines to run concurrently.

## BACKGROUND

### The Complainant's Testimony

The complainant testified that she, her mother, and her sister moved in with appellant during the summer before the complainant started eighth grade. The complainant started eighth grade in 2006 when she was 13 years old. At first the complainant did not like appellant and "didn't want him to take the place of [her] dad." But her opinion changed because appellant made an effort to befriend her and spent a lot of time talking to her. Appellant would tease her about her walk and her hair style, and said he would help her walk better and dress like a "hot girl." On one occasion appellant directed the complainant to "walk[ ] up and down the stairs without any clothes." When the complainant came home from school the next day, appellant was in her room holding her journal in his lap. He told her that he read her journal entry from the previous day, in which she had written about the incident on the stairs. Then appellant tore up the page and told her to be careful about what she writes in her journal because someone might find it and read it. Appellant later burned the complainant's journals in his fireplace.

One day when the complainant was in eighth grade, appellant offered to teach the complainant how to dance. He first told her to face him and rub her body against his while both of them were wearing clothes. Then appellant took off the complainant's pants and used his mouth to touch the complainant's vagina.

On another occasion, the complainant was in the kitchen when appellant came up behind her, slid his hands down the front of her pants into her underwear, and inserted his fingers into her vagina. This same thing happened in the kitchen on one other occasion, and the second time the complainant was especially scared because her mother was home and she thought she might come into the kitchen. The complainant did not tell her mother because she did not want to hurt her mother or for her mother to hate her.

–2–

When asked what else occurred, the complainant responded, "very frequently I gave him head," meaning she put her "mouth on his penis." Their "code word" for oral sex was "ice cream." The complainant testified, "Sometimes it happened in the living room. Most of the time it would be in his bedroom, a couple of times at the Allen Heights Apartments." The complainant was 15 or 16 when she and her mother moved out of appellant's house and into the Allen Heights Apartments. While she was living in an apartment, the complainant occasionally called appellant and asked him to give her a ride home from school. The complainant testified that appellant usually expected "ice cream" (meaning oral sex) as payment for the favor.

Starting when the complainant was a freshman, appellant also "attempt[ed] to have sex" with her at least two or three times. She could feel him inside her, but he would stop when she told him it hurt. Appellant would also have the complainant touch his penis by wrapping her hand around it. On one occasion when the complainant was in eighth or ninth grade, appellant pulled her towards him, put his hand on one of her breasts and put his mouth on her other breast, underneath her clothes. The complainant also testified that sometimes when appellant put his mouth on her vagina, he also put his finger inside her. Appellant also told the complainant that when she turned 18, "he would wear [her] out," meaning "have sex with [her]."

### The Investigator's Testimony

The investigator assigned to appellant's case also testified for the State. She described her interviews with the complainant and with appellant. According to the investigator, the complainant told her that all of the sexual contact between the complainant and appellant "occurred at times when she was under the age of 17." During appellant's interview, he acknowledged having oral sex with the complainant more than once, but stated that it was after she turned 18.

-3-

### Appellant's Defense Theory

Appellant did not testify or present any other witnesses during the guilt phase of his trial. But during closing argument his counsel told the jury that the complainant "misrepresent[ed] facts." Appellant's counsel then essentially argued that the only sexual relationship between appellant and the complainant was oral sex that occurred after she turned 18, which is not a crime.

### The Indictment, the Jury Charge, and the Verdict

As it pertains to this appeal, the indictment against appellant charged him with seven counts of aggravated sexual assault of child and three counts of indecency with a child.[2] Counts one, three, four, and six alleged that, on or about October 1, 2007, appellant committed the offense of sexual assault of a child by intentionally and knowingly (1) causing the complainant's female sexual organ to contact defendant's mouth (count one); (2) causing the complainant's mouth to contact appellant's male sexual organ (count three); (3) causing appellant's finger to penetrate the complainant's female sexual organ (count four); and (4) causing appellant's male sexual organ to penetrate the complainant's female sexual organ (count six). Counts seven and eight alleged that, on or about October 1, 2007, appellant committed the offense of indecency with a child by intentionally and knowingly, with intent to arouse and gratify the sexual desire of any person, engaging in sexual contact by (1) causing the complainant's hand to touch appellant's genitals (count seven); and (2) touching the complainant's breast with appellant's mouth (count eight). Counts nine, ten, and thirteen alleged that, on or about November 15, 2008, appellant committed the offense of sexual assault of a child by intentionally and knowingly

---

[2] The State also charged appellant with two lesser included offenses of indecency with a child. More specifically, with respect to each of the two incidents in which appellant put his hand down the complainant's pants in the kitchen, appellant was charged in counts four and ten with sexual assault of a child and, in the alternative, in counts five and eleven, appellant was charged with indecency with a child by contact. The jury was instructed not to consider the offenses of indecency with a child by contact if they found appellant guilty of sexual assault of a child. In both instances the jury found appellant guilty of sexual assault of a child. The two lesser included offenses are not at issue in this appeal. Appellant was also charged with and convicted of inducing the sexual performance of a child in connection with making the complainant walk up and down the stairs naked. Appellant does not challenge his conviction for sexual performance of a child.

-4-

(1) causing appellant's male sexual organ to penetrate the complainant's female sexual organ (count nine); (2) causing appellant's finger to penetrate the complainant's female sexual organ (count ten); and (3) causing the complainant's mouth to contact appellant's male sexual organ (count thirteen). Count twelve alleged that, on or about November 15, 2008, appellant committed the offense of indecency with a child by intentionally and knowingly, with intent to arouse and gratify the sexual desire of any person, engaging in sexual contact by touching the complainant's breast with appellant's hand.

The jury charge tracked the language of the indictment and there were individual verdict forms for each count. The jury charge generally instructed the jury that their verdict had to be unanimous. The jury instructions did not, however, specifically inform the jury that they had to be unanimous as to which separate criminal act they believed constituted each count. Neither appellant nor the State objected to the charge on the ground that the jury instructions permitted non-unanimous verdicts.

The jury rejected appellant's defense theory and found appellant guilty of all of the offenses described above.

ISSUE ON APPEAL

In a single issue on appeal appellant argues that the trial court erred because it failed to give the jury a "unanimity instruction requiring the jury to agree on which alleged incident of fondling or sex constituted the charged violations."

**Applicable Law**

"Texas law requires that a jury reach a unanimous verdict about the specific crime that the defendant committed. This means that the jury must 'agree upon a single and discrete incident that would constitute the commission of the offense alleged.'" *Cosio v. State,* 353 S.W.3d 766, 771 (Tex. Crim. App. 2011) (quoting *Stuhler v. State,* 218 S.W.3d 706, 717 (Tex.

–5–

Crim. App. 2007)). Non-unanimity may result "when the State charges one offense and presents evidence that the defendant committed the charged offense on multiple but separate occasions." *Id.* at 772. In that circumstance, to ensure unanimity, the jury charge "would need to instruct the jury that its verdict must be unanimous as to a single offense or unit of prosecution among those presented." *Id.*

Reversal for an unobjected-to erroneous jury instruction is proper only if the error caused actual, egregious harm to an appellant. *See Arrington v. State*, 451 S.W.3d 834, 840 (Tex. Crim. App. 2015). To determine whether an appellant was egregiously harmed by an erroneous jury instruction we consider four factors: (1) the entire jury charge; (2) the state of the evidence, including contested issues and the weight of the probative evidence; (3) the parties' arguments; and (4) all other relevant information in the record. *Id.*

**Analysis**

In this case appellant argues that he suffered egregious harm with respect to the counts described above because the trial court did not instruct the jury that they had to be unanimous about which specific incident of criminal conduct constituted each of the alleged offenses. In response, the State argues that non-unanimous verdicts were not possible with respect to two of the counts of indecency with a child because the State charged and proved only one offense for each count. We agree. Count eight alleged that appellant touched the complainant's breast with his mouth. Count twelve alleged that appellant touched the complainant's breast with his hand. The complainant testified to one instance in which appellant put his mouth on one of her breasts and put his hand on the other breast. As a result, we conclude that a non-unanimous verdict was not possible as to counts eight and twelve. With respect to the remaining counts, the State argues that any error in failing to instruct the jury that they had to be unanimous about any particular incident of indecency or sexual assault did not cause appellant egregious harm.

The parties agree that the facts in this case are analogous to *Arrington*.[3] The complainant in *Arrington*, the defendant's nine-year-old daughter, testified about multiple instances of oral sex and sexual intercourse. *Arrington*, 451 S.W.3d at 835–37. The defendant testified and denied that he had sexually abused the complainant. *Id.* at 837. After the jury convicted him of six counts of aggravated sexual assault of a child and one count of indecency with a child, the defendant complained about the lack of a unanimity instruction for the first time on appeal. In resolving the issue in the State's favor, the Texas Court of Criminal Appeals noted that, in finding the defendant guilty, the jury "necessarily found the complainant credible" and "did not believe [the defendant's] categorical denial of all accusations." *Id.* at 843–44. After analyzing all of the relevant factors, the court concluded that "the evidence in the entire record and the analytical meaning of the jury's verdicts in the aggregate show that the erroneous instructions did not cause actual harm to [the defendant]." *Id.* at 845.

Drawing from the analysis in *Arrington*, we consider the four relevant factors outlined above, beginning with the entire jury charge. In this case the jury charge did not fully apprise the jury of the proper unanimity requirement with respect to the remaining counts at issue in this appeal. Instead, it included three generic unanimity instructions. First, the instruction for count four stated as follows: "If you unanimously agree that the defendant is guilty of Sexual Assault of a Child in Count IV, you need not consider Indecency with a Child by Contact in Count V." Likewise, that same instruction was given for count ten: "If you unanimously agree that the defendant is guilty of Sexual Assault of a Child in Count X, you need not consider Indecency with a Child by Contact in Count XI." Finally, the word "unanimously" appeared again towards the end of the jury charge in the instruction requiring the foreman to certify the verdict once the

---

[3] Appellant relied heavily on the San Antonio Court of Appeals's earlier decision in *Arrington* reversing several of the defendant's convictions due to the lack of a unanimity instruction. *See Arrington v. State*, 413 S.W.3d 106 (Tex. App.—San Antonio 2013), *rev'd*, 451 S.W.3d 834 (Tex. Crim. App. 2015). After the briefing was complete in this case, however, the Texas Court of Criminal Appeals reversed the San Antonio Court of Appeals's decision.

jury "unanimously agreed upon a verdict." Regardless of how often a generic unanimity requirement was mentioned, however, the instructions failed to apprise the jurors that they had to be unanimous on which incident of criminal conduct they believed constituted each count in the indictment. *See Arrington*, 451 S.W.3d at 841. As a result, the entire jury charge in this case weighs in favor of a finding of egregious harm. *See id.* ("Because the entire charge did not apprise the jury of the proper unanimity requirement, we conclude that this factor weighs in favor of finding egregious harm[.]").

Next we consider the state of the evidence in order to determine "whether the evidence made it more or less likely that the jury charge caused appellant actual harm." *Arrington*, 451 S.W.3d at 841. The complainant testified to numerous instances of sexual abuse that began when she was in eighth grade, including oral sex, sexual intercourse, and sexual contact. Appellant denied the complainant's allegations and told the investigator that his sexual relationship with the complainant began after she turned 18. In finding appellant guilty on all the counts at issue, the jury necessarily found the complainant credible and rejected appellant's defense theory. As a result, we conclude that the state of the evidence in this case made it less likely that the jury charge caused appellant actual harm. *See Arrington*, 451 S.W.3d at 842, 844 (jury's rejection of defendant's categorical denial of all accusations weighed against a finding of egregious harm in connection with the lack of a unanimity instruction).

Third, we consider the parties' arguments. Appellant cites the following statement, shown in context, made by the prosecutor during the State's closing argument:

> As we talked about in voir dire, it's not necessary for us to prove the exact dates on which the defendant did these acts with her when she was a minor.
>
> *She got up here on the stand and she talked about it happened when I was in the eighth grade. It happened when I was a freshman on into when I was a sophomore and junior. It went on from the time she was 14 years old up until and before she turned 17.*

> It doesn't matter exactly when it occurred between her and the defendant, those things that he did to her, the things that you believe that did in fact occur. It doesn't matter when. She was a child. She was under 17. On or about those two dates is close enough for us to meet those elements.

(Emphasis added.) Appellant argues that this statement "encouraged the jury not to concern itself with unanimity with respect to which exact incident of alleged sex abuse constituted the charged offense." In response, the State argues that "when read in context, the prosecutor was explaining the 'on or about' dates alleged in the indictment, as discussed in the jury charge, and the fact that the State did not have to prove the exact dates on which the offenses occurred." We agree with the State. In context, the State's argument did not suggest to the jurors that their decisions did not need to be unanimous. In this case, as in *Arrington*, "neither the State nor appellant told the jurors that they must be unanimous about which criminal episode constituted each offense, nor were they told they need not be unanimous." *See Arrington*, 451 S.W.3d at 844. As a result, this factor "weighs neither for nor against finding egregious harm." *Id.*

Finally, we consider any other relevant information in the record. Neither appellant nor the State argues that there is any other information in the record that is relevant to our egregious harm analysis, and we have not found any other information that appears to be relevant to our analysis. As a result, we conclude that this final factor weighs neither for nor against finding egregious harm.

In summary, the only factor that weighs in favor of a finding of egregious harm is the first factor—the jury charge as a whole. Appellant argues that the jury charge "allowed for the possibility that the jury rendered non-unanimous verdicts." But to warrant reversal, the record must show actual rather than theoretical harm. *See Nava v. State*, 415 S.W.3d 289, 298 (Tex. Crim. App. 2013). Although the jury charge did not inform the jury that they needed to be unanimous about which specific incident of criminal conduct constituted each of the alleged offenses, this error did not cause appellant actual harm because the jury necessarily found the

–9–

complainant's testimony credible and appellant's defense theory (which was rejected) did not differ with respect to any of the alleged offenses. After considering and weighing all of the relevant factors, we conclude that the lack of a proper unanimity instruction did not cause actual harm to appellant. *See Arrington*, 451 S.W.3d at 845.

## MODIFICATION

The judgments in this case state that appellant's punishment was assessed by the trial court. The record demonstrates, however, that punishment was assessed by the jury. This Court has the power to modify incorrect judgments to make the record speak the truth when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.–Dallas 1991, pet. ref'd). Our authority to modify incorrect judgments "is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Asberry*, 813 S.W.2d at 529–30. We modify the judgments to reflect that appellant's punishment was assessed by the jury.

## CONCLUSION

We resolve appellant's sole issue against him, modify the trial court's judgments, and affirm the judgments as modified.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

131616F.U05

—10—



# Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

CHARLES FREDRICK BELL, Appellant

No. 05-13-01616-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 219-80942-2012.
Opinion delivered by Justice Lang-Miers.
Justices Bridges and Myers participating.

Based on the Court's opinion of this date, the judgments of the trial court are **MODIFIED** to reflect that appellant Charles Fredrick Bell's punishment was assessed by the jury. As **MODIFIED**, the judgments are **AFFIRMED**.

Judgment entered this 10th day of April, 2015.

Charles Bell #1899258
3 Jester Rd.
Richmond, Tx 77406

Abel Acost.
Texas Court of
P.O. Box 12 3
Austin, TX