# NO. 12-16-00214-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RA'AN HENDERSON,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 396TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *TARRANT COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Ra'an Henderson appeals his conviction for aggravated robbery. Appellant brings three issues on appeal, all concerning the law governing criminal responsibility for the conduct of another under section 7.02 of the penal code. We affirm.

## BACKGROUND

On March 26, 2014, Appellant, Lakesha Lane, and Lakesha's friend Alesha had been watching television at Lakesha's apartment. When Appellant left to go home, Lakesha walked him to his car.

As she returned to her apartment, a man approached her and asked if she lived in 1307. She described the area as "pitch black." She asked the man "why?" He drew a pistol, told her not to scream and told her to have Alesha come to the door. Once the door was open, the man shoved Lakesha into the apartment, and told both women to get face down on the floor. He told them not to move or say anything or "the gun was going to go off."

Lakesha heard the man rummaging through her bedroom. She heard the top drawer of her nightstand, where she kept her gun, open as well. As he walked out, the man told them to stay on the floor for a count of three.

The women subsequently called 9-1-1. Lakesha also called Appellant who immediately returned. Lakesha told him in which direction the robber went, and Appellant went running in pursuit.

The next morning, Appellant gave Lakesha her debit cards and her childrens' social security cards which had been taken in the robbery. He told her that he had confronted the robber the night before, hit him with the car door and maybe shot him in the leg before grabbing what he could out of Lakesha's purse.

In her conversations with the police, Lakesha never mentioned Appellant. During the investigation, from a photograph, Lakesha identified Appellant's brother, Romon Henderson, as her assailant. With this information, Sergeant William Paine of the Fort Worth Police Department obtained a search warrant for the brothers' cell phone records.

The brothers' text messages revealed a plot to rob Lakesha as she returned to her apartment alone after she accompanied Appellant to his car. Appellant told Romon the location of Lakesha's television and pistol, which they planned to take. By text, he instructed Romon, "[m]ake sure you make them lay face down." Appellant finally ordered Romon to spring the trap, texting that "[s]he finna walk me out[,] catch her right at her door."

The firearm allegedly used in the robbery was never found. The stolen pistol was recovered. There is no evidence it was used in the robbery.

The jury found Appellant guilty of aggravated robbery. The jury also found that Appellant had three prior felony convictions, and assessed his punishment at imprisonment for forty years. This appeal followed.

## LIMITATION OF VOIR DIRE

Appellant, in his first issue, contends "the trial court erred in limiting [his] voir dire into a relevant area of inquiry." Specifically, Appellant argues that he should have been allowed to tell the jury panel that the jury would have to find that he knew his brother intended to use a deadly weapon before he could be found guilty of aggravated robbery.

### Standard of Review and Applicable Law

We review a trial judge's decision to limit voir dire for abuse of discretion. *Dinkins v. State*, 894 S.W.2d 330, 345 (Tex. Crim. App. 1995). "A trial court has broad discretion over the voir dire process, including setting reasonable limits and determining the propriety of a particular

question." ***Samaripas v. State***, 454 S.W.3d 1, 5 (Tex. Crim. App. 2014). The trial court abuses its discretion when it limits a proper question concerning a proper area of inquiry. ***Dinkins***, 894 S.W.2d at 345.

To convict Appellant as a party to an aggravated robbery, the State had to prove he was criminally responsible for the aggravating element. ***Stephens v. State***, 717 S.W.2d 338, 340 (Tex. Crim. App. 1986). A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both. TEX. PENAL CODE ANN. § 7.01(a) (West 2011).

Section 7.02 of the penal code defines the circumstances in which a person is criminally responsible for an offense committed by the conduct of another:

> (a) A person is criminally responsible for an offense committed by the conduct of another if:
>
> > (1) acting with the kind of culpability required for the offense, he causes or aids an innocent or nonresponsible person to engage in conduct prohibited by the definition of the offense;
> >
> > (2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense; or
> >
> > (3) having a legal duty to prevent commission of the offense and acting with intent to promote or assist its commission, he fails to make a reasonable effort to prevent commission of the offense.
>
> (b) If, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of the carrying out of the conspiracy.

***Id***. § 7.02 (West 2011).

Section 7.02(b) does not require the state to prove that the defendant actually anticipated the secondary felony, but only that the crime is one that should have been anticipated. ***Anderson v. State***, 416 S.W.3d 884, 889 (Tex. Crim. App. 2013). Under the conspiracy theory of the law of parties, a reviewing court examines the totality of the circumstances to determine whether a particular offense committed by a co-conspirator was "reasonably foreseeable" within the scope of the unlawful agreement. ***Id***.

## Discussion

During voir dire, Appellant's counsel attempted to tell the jury panel that where the defendant did not personally commit the aggravated offense (here, the use of a gun during the

robbery), the "law of parties" in Texas required the State to prove that Appellant knew his co-conspirator would commit the aggravated offense. When the State objected, the trial court asked counsel to say exactly what he intended to convey to the jury:

> DEFENSE COUNSEL: I am saying if [co-counsel] and I say let's go rob 7-Eleven, and we are going to split the money and he drives over there and I go in and I pull a knife, a deadly weapon, on the clerk and I get the money and I put that knife in my pocket, get back in the car and drive off, *they charge him with aggravated robbery, they've got to prove he knew that I was going to use a deadly weapon*.
>
> PROSECUTOR: *Objection. That's improper. That's not what the law is.*

The trial court sustained the State's objection.

Defense counsel's attempted explanation of the Texas law of parties or law of complicity completely ignores the conspiracy theory of the law of parties set out in penal code section 7.02(b). *See* TEX. PENAL CODE ANN. § 7.02(b). It should have been clear from the outset that Appellant's criminal responsibility for his brother's conduct might arise under the conspiracy theory of responsibility for the conduct of another under section 7.02(b). *See id*. Accordingly, an attempted explanation of the law of parties that omits a part of the law of parties relevant to the case represents a misstatement of the law. *See **Loar v. State***, 627 S.W.2d 399, 401 (Tex. Crim. App. 1981).

In the cases cited by Appellant, each defendant's criminal culpability was authorized by section 7.02(a)(2) rather than 7.02(b). *See **Stephens***, 717 S.W.2d at 339-40; *see also **Hurd v. State***, 322 S.W.3d 787, 791, 793 (Tex. App.—Fort Worth 2010, no pet.); ***Johnson v. State***, 6 S.W.3d 709, 711, 713 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd). Section 7.02(a)(2) requires the state to prove that the defendant aided, encouraged, or committed every element of the offense, including the aggravating element. TEX. PENAL CODE ANN. § 7.02(a)(2). Such proof requires the state to establish that the defendant at least knew of the aggravating element. *See **Hurd***, 322 S.W.3d at 793. In none of the cases cited by Appellant, did the State rely on the conspiracy theory of complicity under section 7.02(b) upon which the State relied in the instant case. Accordingly, Appellant's cases are not apposite here.

Because section 7.02(b) applies in this case, the State was only required to prove Appellant should have anticipated the secondary felony under section 7.02(b). *See **Anderson***, 416 S.W.3d at 889. Accordingly, the trial court did not abuse its discretion by sustaining the

State's objection to Appellant's incorrect statement of the law applicable to the case. *See Dinkins*, 894 S.W.2d at 345. Appellant's first issue is overruled.


<h2 style="text-align:center">SUFFICIENCY OF THE EVIDENCE</h2>

In his second issue, Appellant maintains the evidence is insufficient to support his conviction for aggravated robbery.

**Standard of Review and Applicable Law**

In reviewing the sufficiency of the evidence, appellate courts consider all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). The "sufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge is "one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*.

A person commits the offense of robbery if, in the course of committing theft and with intent to obtain or maintain control of the property, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. TEX. PENAL CODE ANN. § 29.02(a)(2) (West 2011). The offense is aggravated if the person committing the robbery uses or exhibits a deadly weapon. *Id*. § 29.03(a)(2) (West 2011). "If, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of the carrying out of the conspiracy." *Id*. § 7.02(b).

**Discussion**

The record in this case contains sufficient evidence from which a rational finder of fact could reasonably infer that Appellant should have anticipated that his brother would use a gun in carrying out the conspiracy to commit robbery. The jury heard evidence that Appellant and his brother had hatched a plan to rob Lakesha. This plan included stealing certain items, such as the

gun Lakesha kept for self-defense. Only moments before the robbery, Appellant instructed Romon to make sure the two women lay face down on the floor. Appellant and Romon knew that Romon would have to confront and control two adults during the robbery, one of whom owned a gun. Romon held Lakesha and Alesha at gun point, threatened that the "gun would go off," and stole items from Lakesha, including her gun.

Accordingly, as sole judge of the weight and credibility of the evidence, the jury could reasonably infer that the gun was intended to secure the women's compliance and that, consequently, Romon's use of a gun should have been anticipated by Appellant as a result of carrying out of the conspiracy. *See* TEX. PENAL CODE ANN. § 7.02(b); s*ee also Brooks*, 323 S.W.3d at 899 (stating jury is sole judge of witnesses' credibility and weight to be given their testimony); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (stating that we give deference to the jury's responsibility to draw reasonable inferences from basic facts to ultimate facts). Viewing the evidence in the light most favorable to the verdict, we conclude that the jury could have found, beyond a reasonable doubt, that Appellant committed the offense of aggravated Robbery. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *see also Brooks*, 323 S.W.3d at 899. Appellant's second issue is overruled.


### JURY ARGUMENT

In issue three, Appellant contends the trial court erred in sustaining the State's objection to defense counsel's attempt to argue that the jury would have to find that he knew a firearm would be used in the commission of the offense in order to convict him of aggravated robbery.

## Applicable Law

Permissible jury arguments fall within one of four general areas: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Kinnamon v. State*, 791 S.W.2d 84, 89 (Tex. Crim. App. 1990), *overruled on other grounds by Cook v. State*, 884 S.W.2d 485 (Tex. Crim. App. 1994). Argument that misstates the law or is contrary to the court's charge is improper. *Grant v. State*, 738 S.W.2d 309, 311 (Tex. App.—Houston [1st Dist.] 1987, pet. ref'd). Counsel may not make inaccurate or misleading statements about the State's burden of proof. *See Loar*, 627 S.W.2d at 401.

**Discussion**

The court's charge authorized the jury to find Appellant criminally responsible for his brother Romon's conduct under two theories of complicity or party liability set out in sections 7.02(a)(2) and 7.02(b) of the penal code:

> A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids or attempts to aid the other person to commit the offense.

> A person is criminally responsible for an offense committed by the conduct of another if, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, all conspirators are guilty of the felony actually committed, *although having no intent to commit it*, if the offense was committed in furtherance of the unlawful purpose and was one that *should have been anticipated* as a result of the carrying out of the conspiracy.

During closing argument, the trial court sustained the State's objection to defense counsel's jury argument when counsel maintained, as he had in voir dire, that the Texas "law of parties" required the State to prove that Appellant knew his brother intended to use a gun in the robbery. Specifically, the following exchanged occurred:

> DEFENSE COUNSEL: . . . [T]he State is obligated to prove beyond any reasonable doubt every single element of the offense charged. And one of the elements is that a firearm was used. *So they have to prove to you, each one of you, beyond any reasonable doubt that Ra'an knew that a firearm was going to be used* in the commission of this offense.

> PROSECUTOR: Again, I'm going to object, that's a misstatement of the law.

Appellant's counsel attempted to argue that Appellant could not be convicted of aggravated robbery under either theory of complicity contained in the charge unless Appellant knew that Romon was going to use a gun. As previously discussed, a finding of guilt under the conspiracy theory of complicity requires only that the felony actually committed be one that the defendant should have been anticipated as a result of carrying out of the conspiracy. *See* TEX. PENAL CODE ANN. § 7.02(b); *see also **Anderson***, 416 S.W.3d at 889. Accordingly, Appellant's jury argument misstated the law and contradicted the relevant instruction in the court's charge. Thus, Appellant's argument was improper, and the trial court did not err in sustaining the State's objection. *See **Loar***, 627 S.W.2d at 401; *see also **Grant***, 738 S.W.2d at 311. Appellant's third issue is overruled.

## DISPOSITION

Having overruled Appellant's three issues, we *affirm* the trial court's judgment.

**BILL BASS**
Justice

Opinion delivered May 31, 2017.
*Panel consisted of Worthen, C.J., Neeley, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

MAY 31, 2017

NO. 12-16-00214-CR

**RA'AN HENDERSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 396th District Court

of Tarrant County, Texas (Tr.Ct.No. 1376999D)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Worthen, C.J., Neeley, J. and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*